M’Girk, C. J.,
delivered the opinion of the Court.
Boismenu brought an action of assumpsit for use and occupation against Mullanphy; judgment was given for the plaintiff. It appears that Boismenu had, from about the year 1827 or’8, by himself or tenants, occupied and possessed a certain house on Water street in St. Louis j that about-the year 1828, one Daniel McGurrin, now deceased, took possession of the house as the tenant of the plaintiff, and used and occupied the same as such tenant until his death, which happened about the first of December, 1830. That some time before the death of McGurrin. and during his last sickness, John Mullanphy managed said property for McGurrin, and immediately after the death of McGurrin, Mullanphy exercised authority over and.lot the said, house, and claimed to be the agent of McGnrrm’s executor;;that after the death of McGurrin, the house was let by Mullanphy to-one James Wood, at different times. By the testimony of Wood it appears that in-the spring of the year 1831, Mullanphy as agent let the house to him ;.that the-rent was .paid to the said agent that in the spring of 1832, the witness wished to-get the house for a year, and applied, to Mullanphy for the same; that having heard that McGurrin’s lease was out, he mentioned this to-Mullanphy, and Mullanphy replied, I know the lease is out and I expect to have a law suit with Boismenu, the plaintiff, but that the witness need not mind that, all he had to do was to pay the rent, and that Mullanphy would guaranty to him the possession; the witness thereon made a contract with Mullanphy to occupy the house for a year, to pay the rent to Mullanphy at the rate $25 per month, and Mullanphy agreed and did cover the house and made some other repairs, without which the house was not in a condition -to be occupied; that Wood enjoyed the ■ house according to the lease, and paid:the rent to Mullanphy; that before that time Mullanphy had-always receipted for rent as the agent of McGurrin’s executor. It was also proved that the rent paid-before-the-last year, and before the repairs were made, was $15 per quarter; that the rent of $300’was paid to Mullanphy. When the plaintiffs evidence was closed, the Court instructed the auditors that the plaintiff *287 could not recover on the count for use and occupation, but that he might go on the count for money had and received. The defendant’s counsel then moved (he Court to instruct the auditors, that the plaintiff could not recover on- either count of his-declaration, which the Court refused to do, but instructed the auditors that if they should find that Mullanphy, in making the contract with Wood in 1832, acted in good faith as the agent of McGurrin’s executor, and not collusively, then the plaintiff is not entitled to recover in this action the money received by Mullanphy from Wood as rent; and that there was no evidence in the case to sustain an action for use and occupation ; but that if they should find that Mullanphy took advantage of his previous agency to pat Wood in possession as the tenant of Mullanphy., with intent by this contrivance to hold.possession adversely to the plaintiff, then the plaintiff is entitled to recover for the rent paid by Wood as money had and received.
Second. If the auditors find that the premises were let by Mullanphy to Wood for the whole of McGnrrin’s term, then it would amount to an assignment of the term;, that Wood thereby became the tenant of the plaintiff, and that the plaintiff thereby became entitled to recover for money liad and received for so much as Mullanphy received of Wood for the last year, which refusal.and-instructions given were excepted to. The auditors made their report and the defendant excepted to the report, the exceptions were overruled. The errors assigned are, the refusal of the Court to give the instructions asked, and the giving of those given.
There is but one question raised in this case, which grows out of the first instruction given by the Court on the part of the plaintiff, which question is this: that if a person takes advantage of the absence of the owner of a tenement, fakes possession of the same by trespass, or in other words, gets peaceably in possession, and holds over by force, and underlets, and receives the money of the sub-lessee, can,the owner maintain assumpsit against him for money liad and received? To sustain this point for the plaintiff in the Court below, Mr. McGinnis cites several authorities. The view which the counsel for Boismenu takes of this point is this: that wherever money has been received by one party, which in equity and good conscience belongs to another, then that other is entitled to an action for money had and- received, and to support this doctrine he citea-several authorities.
It is admitted by the Court that this is the general rule, but the admission of this-rule by no means settles the question before us. This rule does not embrace a case' where an assault and battery is committed, and the wrongdoer chooses to pay what he considers a compensation to 13-, a mere stranger. In our opinion this payment' neither discharges A., the wrong doer, nor charges B., who receives the money, unless he receives the money by some-authority from-the injured party. Now it may. be and'is true that the injuicd party has in good- conscience a right to some-money, yet it will hardly be said that he has a right to the particular money put into-the hands of. B. by A. the trespasser. The counsel then assumes this position, that wherever there has been a use and occupation by a party of the tenement of another, the law will raise a promise to pay for such use and occupation, and to support this point he cites 2 Com. on Con. 621, and 10 Mass. R. 436. We will examine these-two authorities. The case cited by Corn, was a case where the plaintiff had let for eighteen years, when he had. in, truth.only.two orrtbree years interest in the thing, demrted : there was enjoyment for some tiine-on the part of the defendant, and ha-had made preparations by expenditures to enjoy for the whole time ; he refused to. pay any rent; the Court decided that as he had been deceived and had rather been. *288 iiijúred than benefited by the lease and enjoyment, he was not liable to pay any rent. This case it is believed throws but little light on the question before us. The case cited from 10 Mass. R. is a case of this kind; a plaintiff in a real action recovered judgment of land, and was put in possession by the writ of the Court; the judgment-was reversed, and the question was, whether he was liable in an action of- assumpsit! for use and occupation; the Court held he was, on the ground that having .been-put in possession by the writ of the Court, he-could-not be treated-as a .trespasser. The case before the Court is not like thatcaseywhatever,possession Mullanphy had, so far as there is any light onthe-subjectyifwas not under the-plaintiff, but adverse to the plaintiff’s right. Yet the Court lays down-the-law to be, that if it is true that the defendant-got into possession peaceably, or forcibly held over in defiance of the pjaintiff’3 right,, yet it shall bo considered a contract. Furthermore, in the case in Massachusetts it was said .by the Court to be a new case, and on that ground; and as- it was- doubtful w-hat his form-of action should he, and inasmuch as he had chosen . assumpsit, they-would not turn the party around to bring another form of action.
Mr. Geyer, for the-plaintiff in error, cites and relies on Peake's Evidence, p, 242,, where it is said that, the action of assumpsit for use and occupation, was introduced by a-statute of 11 Geo. II. Here we will remark that in terms our statute is just like the above statute of Geo. II. Peake cites cases and lays the law -down to he, that to support this action the plaintiff must prove that the defendantoccupied under his permission,, or- some person under whom he claims, for a mere stranger cannot try his title in this-form of action, he must therefore prove a demise expressly or by presumption. Peake lays down the law correctly as we understand it. See also Smith v. Stewart, 6 J. R. 46; 2 H. H. R. 323. This view of-the subject shows the first, instruction was wrong. The Court should have instructed the auditors, that unless they found there was a contract between Mdllanphy and the plaintiff, as to occupation, either express or implied, they must findfor the defendant.
As to the instruction secondly given by the -Court, it has not been argued at the bar. W-e think however there was no evidence- on the record to warrant the instruction. We are therefore of opinion the Court erred.. The judgment of. the. Couri below is reversed; the cause is remanded for a new.-trial...