Nash, J.
 

 To the plaintiff’s recovery two objections are
 
 urged;
 
 first, that the payment by him
 
 to
 
 the defendant was voluntary; and, secondly, if he could recover, a single magistrate had not jurisdiction. The action for money had and received rests upon equitable principles, and whenever there is a privity between the payer and
 
 *245
 
 receiver, and the latter has received money to which the former is injustice and equity entitled, the law implies a promise to pay it, and gives this action.
 
 2 Stark, on Ev.
 
 63. It is true that in one sense the payment by the plaintiff was voluntary. He did not pay it under duress of his person, nor did he pay it under process of law, but was it voluntary in that sense, which, in law, disqualifies him to demand it back
 
 1
 
 In order to have this effect, the payment must be made, with full knowledge of the facts, or full means of obtaining that knowledge.
 
 Waite
 
 v.
 
 Legget,
 
 6 Con. 195.
 
 Clarke
 
 v. Butcher, 9 Con. 674. And when the money has been paid, not with this full knowledge and it is shown to have been unjustly paid, it may be recovered back.
 
 Chatfield
 
 v.
 
 Paxton, 2
 
 East. 471.
 
 Pool
 
 v.
 
 Allen,
 
 7 Ire. 120. In the case before us, it is not pretended, that- the plaintiff knew the facts; on the contrary, he had the best reason to believe that the statement of the defendant was true. He was the surety to the note ; the plaintiff lived in Virginia, and the defendant was the only person, in this State, who, upon the face of the note was liable to its payment, and who, upon discharging it, was entitled to its possession. The possession of the note therefore, by defendant, nine years after it fell due, was to the plaintiff evidence that he had paid it. It is true, that by applying to Shelton or to Brooks, the payee of the note, he might have ascertained the truth of the transaction. But the fraud, perpetrated by the defendant, superseded the necessity of so doing, and deprived the defendant of that defence. By his own falsehood he put the plaintiff asleep and threw him off his guard, and now asks to be protected in his fraud. The action of assumpsit is a liberal action, and where, by the obligations of justice and equity, the defendant ought to refund money paid to him, the action will be sustained ; but where he may, with a good conscience receive the money, and there was no fraud or unfair
 
 *246
 
 practice used in obtaining it, although it was money he could not have received by law, it cannot be recovered back. 4 John. Rep. 249 in note to
 
 Hall
 
 v.
 
 Schulty.
 
 The case of
 
 Myher
 
 and
 
 Duncan,
 
 13 E. C. L. Rep. 293, cited at the bar is a strong authority upon the point we are considering. A bill of exchange had come by endorsement to the defendant, Duncan, who by his negligence in not presenting it for payment, in proper time, had made it bis own. Afterwards discovering, as he honestly thought, that the bill was void, for being drawn on an improper stamp, he demanded from the plaintiff, from whom he had received it, the amount due. The case states that both the plaintiff and defendant were ignorant of the fact, that the bill was an Irish bill and did not need an English stamp. The plaintiff paid the defendant the amount due upon the bill, and upon discovering that it was an Irish bill, brought the action of assumpsit against the defendant for money had and received to his use.
 

 Littledale, Justice, in giving his opinion states, that the plaintiff “ had means of knowing that the bill was drawn in Ireland, for he might have enquired of the prior endorser, but thei*e being nothing on the face of the bill, to lead him to suppose that it was drawn in Ireland, he was not bound to make any enquiryand the
 
 postea
 
 was delivered to the plaintiff. In the present case, not only had the defendant full knowledge of all the facts, but the plaintiff was ignorant of them, and his ignorance was founded upon the unequivocal and positive falsehood of the defendant.
 

 But it is further objected by the defendant, that if an action can be sustained upon such a transaction, a warrant cannot be sustained. The case of
 
 Ferrell
 
 v.
 
 Underwood, 2
 
 Dev. 111, is a full answer. The jurisdiction of a single Justice extends to all cases, for the recovery of money, when the amount is within the sum, designated in the Act of the General Assembly, when a general
 
 *247
 

 indebitatus
 
 will lie, whether the eontraet is expressed, or implied by law.
 

 PeR CuRiam. Judgment affirmed.