S. T. MOFFITT v. G. H. GLASS et al.

*Action on Contract—Performance of Contract—Quantum Meruit—Issues.*

Where, in an action for a breach of contract for building a house, the complaint alleged that, under a verbal contract, he built for the defendant a house of so many rooms, at so much per room, and that defendant accepted the house when completed, it was error, on the trial, to instruct the jury that, if they should find that the defendant did not make the contract "as alleged," they need not consider the other issues as to whether the house was accepted by defendant, whether it was completed according to contract, and as to what amount was due plaintiff, inasmuch as the plaintiff was entitled to recover on a *quantum meruit* if the house was accepted, though he might have failed to prove the contract as alleged.

CIVIL ACTION for damages for the breach of contract tried before *Starbuck, J.,* and a jury, at April Term, 1895, of WAKE Superior Court. There was judgment for the defendants and the plaintiff appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. B. C. Beckwith,* for plaintiff (appellant).
*Mr. R. C. Strong,* for defendant.

FAIRCLOTH, C. J.: This is an action for damages for breach of contract in building a house. The complaint alleges:

"2. That in June, 1891, plaintiff and defendants agreed verbally that plaintiff should furnish materials and construct or build a "lodging house" to contain 56 rooms at $7.50 per room on land at or near the Fair Grounds at Raleigh, N. C.

"3. That said materials were furnished and the lodging

house built according to said contract by the plaintiff and that the said building or lodging house was received, when completed, by the defendants or their agents.

"5. That on October 1, 1891, the defendants paid on said amount $35."

The answer denies the second and third allegations, but admits that defendants paid one Patrick, $35, with whom they insist their contract was made, and the question of Patrick's agency was inquired into, but that is not now important for us in the view we take of the case.

The following issues were submitted :

"1. Did defendant Glass, make the contract with plaintiff Moffitt as alleged ?

"2. Was the building accepted by defendant or his agent?

"3. Was the building completed according to contract ?

"4. What amount, if any, is now due plaintiff on said contract ?"

The jury answered the first issue "No" and did not consider the others. His Honor instructed the jury "that if they found the first issue 'No' they need not consider the other issues." In this there was error.

It may well be that the jury said that the defendant did not make the contract *as alleged*, that is, that the contract did not require 56 rooms, but some less number, or at some other price than $7.50 per room, or in some other respect. It is alleged that when completed the house was received by the defendants or their agents, and that was denied. That matter was important in the event that the specific contract had not been performed, and his Honor was so impressed, as appears by the second issue submitted by him. The plaintiff's right to a *quantum meruit* inquiry does not depend solely upon the contract, but upon the ground that he rendered service, in work and labor performed, the fruits of which were received by the defend-

ants, and that question was fit to be heard under the second issue and third allegation. Then the quality of the material and work and the value thereof could be ascertained. We think the other issues should have been tried. There were other questions of pleading, exceptions and the like, discussed before us, but as we must give a new trial we need not consider them.

New Trial.