This action was commenced by plaintiff to recover the value of his intestate's service as a care-taker and agent in charge of mining property. The Court submitted the following issues:
1. Was there any contract to pay the plaintiff's intestate, John Seals, for the taxes and his care of the land their value in excess of the value of the rents? Answer: Yes.
2. If there was, how much, if any, are the defendants Ward and Epley indebted to plaintiff? Answer: $600. *Page 208 
No other issues were tendered. By consent of plaintiff the Court reduced the recovery to $250, and rendered judgment against the defendants Epley and Ward, to which they excepted and appealed.
This action was brought 23 February, 1904, by attachment and without personal service, against the New Haven and Wilkerson Mining Company and the New Haven and North Carolina Mining Company and George F. Newcombe. Prior to that date, on 29 June, 1898, the New Haven and North Carolina Mining Company had conveyed the lands attempted to be attached to George F. Newcombe by deed registered in Burke County, 19 July, 1898, and George F. Newcombe had duly conveyed the lands to Denslow, Ward Company by deed registered 19 July, 1898. Denslow, Ward Company, the registered owners, were not made defendants in the attachment. Inasmuch as the defendants named in the attachment owned no interest in the land attached, and the Court had acquired no jurisdiction by service of the summons, the case would have come to an end but for the interpleading of T. L. Epley and Fleetwood Ward. The latter was a member of Denslow, Ward Company of New York, and the owner of half the land and mining property. The former, after commencement of the action, had purchased the other half from E. H. Denslow, the other member of the firm, by deed registered 11 January, 1905. For the purpose of defending their title to this property, Epley and Ward, upon their verified petition in writing were made parties defendant at their own request at December Term, 1905, of Burke Superior Court, and a nonsuit was entered as to George F. Newcombe, he having disclaimed any interest in the property.
At August Term, 1906, Messrs. Morgan and Perkins, the attorneys who filed the joint petition to be made parties defendant on behalf of Ward and Epley, asked to be allowed to withdraw the same, and objected to the order making them defendants. We think his Honor very properly disallowed the motion. Epley and Ward had come in of their own accord upon a joint petition written and presented by their (253) attorneys setting out their interest in the property and asking to be made defendants. Because they repented their act afterwards is no reason the Court should deny to plaintiff the benefit of their presence in the suit. This is especially true in view of the allegations of the petition filed by them, which plaintiff had a right to take advantage of and to admit that particular allegation which constitutes the *Page 209 
basis of his cause of action, as plaintiff did in his replication. The fourth and fifth sections of the petition read as follows:
"4. That, as the said T. L. Epley and Fleetwood Ward are informed and believe, the said J. A. Seals, plaintiff in this cause, well knew prior to the bringing of this suit that said land had long since been conveyed by the said George F. Newcombe to the said Denslow, Ward Company. That they now have in their possession letters signed in the name, and, as they believe, written by the hand of the said J. A. Seals, which letters are dated, one 17 November, 1898, and the other 2 April, 1900, in which letters the said J. A. Seals reports and accounts to the said Denslow, Ward 
Company concerning said land, which is therein referred to as, and acknowledged to be, the property of the said Denslow, Ward Company.
"5. That they, the said T. L. Epley and Fleetwood Ward, are informed and believe that the said J. A. Seals was, during his lifetime and prior to the institution of this suit, paid in full for any and all services rendered to the owners of said land in caring for the same and on any and all other accounts; and that as they are informed and believe, the said J. A. Seals was at the time of the bringing of this suit, and his estate now is, justly indebted to the owners of said land for and on account of valuable timber cut, sold and removed by the said J. A. Seals, in great quantities therefrom, in the sum of at least several hundred dollars."
It is thus admitted that plaintiff's intestate, Seals was the agent of the defendant Ward, as the care-taker in charge of the property, and the defendant Ward also set up a plea of payment in full (254) for all services rendered and a counter-claim for timber wrongfully removed and sold by Seals to the amount of several hundred dollars in excess of the services. It is true that, when the Court declined to allow them to withdraw from the case, the defendants filed another paper called an "intervention," in which they ignore these allegations and admissions of the first petition, but that did not have the effect to deprive plaintiff of their benefit. They had voluntarily become parties defendant, and did not occupy the position of mere intervenors for the sold purpose of dismissing the attachment. Besides, the defendant Ward has judicially admitted by his attorneys that Seals was the agent of his firm in charge of the property. The complaint had been properly amended and a reply to the answer filed, and it was eminently proper that Ward, at least, should have been continued as a defendant to the end that there should be a mutual accounting and settlement of the agency.
At the close of the evidence both defendants moved to nonsuit, and as to Epley we think the motion should have been allowed. There is *Page 210 
no evidence of any contract between him and Seals, and likewise none that he knowingly accepted any service from Seals. On the contrary, he acquired his half of the property some time after the suit had been commenced. Seals' services constitute no lien on the land which followed it into Epley's hands, and the attachment was void and constituted no lien because the defendants named in the attachment had parted with title some years before the attachment was issued. Epley, therefore, acquired a good title as to one-half of the property, and as Seals had no personal claim on him he is entitled to go without day.
As to the defendant Ward, the case is different. It is true, plaintiff acquires no lien on his half of the land by virtue of the attachment, but he has a personal judgment in an action to which of his own volition (255) he is a defendant. The issues are framed with a view to present the controverted matters, not admitted by the pleadings, and to the form of them there was no exception, and no others were tendered.
The plaintiff offered evidence tending to prove that his intestate, J. A. Seals, was engaged between 29 January, 1898, and the date of his death in the fall of 1904, in looking after this mining property; that he received little rent from it; that he paid the taxes and listed it and kept trespassers from entering and working the mines; and that his services were reasonably worth $175 to $200 per year. The defendants offered evidence tending to prove not only that they knew Seals was caring for the property, but that Seals was to care for it and pay the taxes on it for the rents, and that he was to receive no other compensation, and that he received rents and proceeds of timber in excess of the value of his services.
The defendants offered evidence of a special contract as against plaintiff's claim for a quantum meruit. The counsel for defendants are mistaken in urging that plaintiff alleges a special contract and, therefore, cannot recover on his quantum meruit. Plaintiff alleges the agency, and it is admitted, but he does not either allege, admit or offer evidence of a special contract for the payment of his services. It is the defendant who offers the evidence that, according to agreement, Seals was to have no remuneration for his services and payment of taxes except the rents. It is not necessary that plaintiff allege or prove a special contract. The agency being admitted by defendant Ward, and there being proof of the services performed and knowingly received, and of their value, the law implies a promise to pay by defendant, but to be confined, as it was confined, to the years since defendant Ward purchased.
"Where services are performed by one for another, either with or without the latter's consent and knowledge, and he knowingly accepts *Page 211 
and avails himself of these services, the general rule is (256) that the law will imply a promise to pay a fair and reasonable compensation therefor." 15 A. and E., 1083; Blount v. Guthrie,99 N.C. 93; Bailey v. Rutjes, 86 N.C. 517; Moffitt v. Glass,117 N.C. 142; Dixon v. Graveley, 117 N.C. 84.
We think his Honor's charge followed the law as well settled and applied it properly to the contentions of the parties. The exceptions to the evidence need not be discussed. They are mostly based upon the erroneous idea that plaintiff should not be permitted to prove the value of the services rendered by the intestate because no special contract had been proven.
The judgment against defendant Ward is affirmed, and as to the defendant Epley it is ordered that he go without day.
Modified and Affirmed.
Cited: Stephens v. Hicks, 156 N.C. 242.