THOMAS B. LEE v. GREENVILLE, SPARTANBURG AND ANDERSON RAILWAY COMPANY.

(Filed 23 May, 1917.)

**Indebitatus Assumpsit — Contracts — Privity — Employer and Employee — Services.**

It is not necessary to show privity of contract, or an agreement between the parties, in order to recover money had and received to the use of another; and where a civil engineer employed for a part of the time by one railroad company renders services for another, without interfering with his duties, and the former company, with his consent, renders the latter a bill for such services as a method for collection, and collects the same, in an action of *indebitatus assumpsit* the plaintiff may recover from the defendant company the money so received by it, when from the first he has insisted upon his rights and has not waived them.

LEE v. R. R.

CIVIL ACTION, tried February Term, 1917, of MECKLENBURG, before *Cline, J.,* upon this issue:

Are the defendants indebted to the plaintiff, and if so, in what amount? Answer: "Yes; $1,000, with interest from 1 November, 1913."

From judgment rendered defendants appealed.

*Tillett & Guthrie, C. W. Tillett, Jr., for plaintiff.*
*Osborne, Cocke & Robinson for defendants.*

BROWN, J. Plaintiff seeks to recover $1,000 for money received by defendant for his use. A motion to nonsuit was made upon the ground that in no view of the evidence was the money received by defendants for plaintiff's use.

The evidence is conflicting, but that introduced by plaintiff tends to prove that he was employed by defendants as chief engineer at a salary of $400 per month, but not for his entire time; that plaintiff contracted with Durham and Southern Railroad Company to do certain engineering work. The work which the plaintiff did for the Durham and Southern Railway did not interfere with the discharge of his duties as chief engineer of the defendant; but he performed his duties as chief engineer while he was doing the work for the Durham and Southern.

A bill for the $1,000 was made out in name of defendants against Durham and Southern and approved by plaintiff, but he then informed defendant's officers that he claimed the money for his work for the Durham and Southern Railroad Company. There is evidence from which it may reasonably be inferred that the making out and transmitting to the Durham and Southern of a bill for $1,000 was merely a means of collecting the money, which money the plaintiff demanded of the defendants as soon as he learned that they had received it. There is sufficient evidence to go to the jury from which they may draw the reasonable inference that this money received by defendants rightfully belonged to plaintiff, and that he has not waived his claim to it.

The court denied the motion to nonsuit and submitted the matter to the decision of the jury in a very clear instruction, as follows:

"That if the jury shall find, by the greater weight of evidence, that under the terms of Major Lee's contract with the defendants he was employed, not for his entire time, but at a monthly salary to discharge the duties of chief engineer for the defendants, and that he did the work for the Durham and Southern Railroad Company, under employment of Mr. Stagg, the executive officer of that company, and that the doing of the work for the Durham and Southern did not interfere with the discharge of his duties as chief engineer of the defendant, but that he performed his duties as chief engineer of the defendants while he was doing the work for the Durham and Southern, then, nothing else

appearing, Major Lee himself would be entitled to receive compensation for the work done by him for the Durham and Southern Company; and if the jury should find that the making out and transmitting to the Durham and Southern Company of the bill for $1,000 was merely a means of collecting the money, and that when Major Lee learned that the money had been received by the defendants, he forthwith demanded it of the defendants; and if the jury shall further find that the money which thus came into the hands of the defendants justly and rightfully belonged to Major Lee, and that he has done nothing to waive or relinquish his right to the money, then the jury are instructed to answer the issue '$1,000, and interest from the time the plaintiff demanded of the defendants the money which had been thus collected.' "

There is some difference of opinion among the courts as to when an action of *indebitatus assumpsit* may be maintained for money had and received.

Some courts adhere to the English authorities, and hold that the facts must establish that the defendant received the money by agreement for the plaintiff, or that some privity existed between the parties in relation to the money sought to be recovered. That is the judgment of the New Jersey Court in *Harris v. Stryker*, 32 Am. Dec., 404, where that side of the controversy is fully presented.

The opinion of *Lord Denman, C. J.*, in *Vaughan v. Matthews*, 66 E. C. L., 187, sustains that view, but the note at page 189 says: "The current of the American cases is in opposition to the decision in this case. There need be no privity of contract between the parties in order to support the action for money had and received except that which results from one man having another's money which he has not a right conscientiously to retain." The commentator cites a large number of cases sustaining him.

See, also, *O'Faller v. Boismenar*, 3 Mo., 405; *Mason v. White*, 17 Mass., 563; *Bank v. Plimpton*, 28 Am. Dec., 286; *Hindmarch v. Hoffman*, 127 Pa. St., 284; *Boos v. Lang*, 71 N. E., 120. The Federal courts take same view, *Leete v. Pacific Co.*, 88 Fed., 957, and also our own Court.

In *Mitchell v. Walker*, 30 N. C., 243, it is said: "The action of assumpit is a liberal action, and where by the obligations of justice and equity the defendant ought to refund money paid to him the action will be sustained." This case is cited and aproved in the recent case of *Sanders v. Ragan*, 172 N. C., 612.

The motion to nonsuit was properly denied. We deem it unnecessary to discuss the other assignments of error.

No error.