ROBERT BLACKWOOD v. SOUTHERN RAILWAY COMPANY.

(Filed 22 October, 1919.)

**Assumpsit—Indebitatus Assumpsit—Carriers of Mail—Postmasters—Delivery of Mail—Party Benefited—Contracts.**

Under the equitable principle of *indebitatus assumpsit*, it is *Held,* that where a storekeeper in a town was also postmaster, and believing that as such it was a part of his official duties to deliver the mail at the train,

had done so for four years when, in fact, this was the duty of the carrier, for which it had received compensation under its contract with the United States Government,·the railroad company knowingly receiving the benefit from such services is liable for them. *Sanders v. Ragan,* 172 N. C., 612, cited and approved.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at March Term, 1919, of DURHAM.

The action is to recover the value of services rendered for defendants' benefit in carrying the mail from the postoffice in Carrboro, said county, to the railway station. On denial of liability, there was verdict for plaintiff; judgment, and defendant excepted and appealed.

*R. O. Everett for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

HOKE, J. On the hearing, recovery was resisted by defendant principally for the alleged reason that plaintiff did this work for his own advantage in that by keeping the mail pouches open that much longer his cancellation of stamps was increased, thereby adding to his salary, and that the services for which pay is now sought were and are intended to be gratuitous. But on a perusal of the pleadings, the evidence and the charge of the court, this view has been rejected in the verdict and the facts as accepted and acted on by the jury are to·the effect: that from 1910 to 1917 plaintiff engaged in business; was also postmaster at Carrboro, in said county, the office being from 200 to 300 feet from the railroad station where defendant delivered the mail. That for four consecutive years·of that period plaintiff, under the impression that it was a part of his official duty, and with full knowledge of the defendant company, its agent, etc., carried the mail from the station to the office four times per day, to his great inconvenience and the interruption of his personal business. That in 1915, having ascertained that defendant company was under a contract for hire with the Government to do this work, plaintiff stopped, and since that time it has been undertaken by company, and same let out by them for pay, etc.

In the case of *Sanders v. Ragan,* 172 N. C., 612, the Court said: "That the action of *indebitatus assumpsit* is dependent largely on equitable principles and in the absence of some special contract controlling this matter, and unless in contravention of some public policy, it will usually lie wherever one man has· been enriched ·or the value of his estate enhanced at another's ,expense under circumstances that in equity and good conscience call for an accounting by the wrongdoer." Citing *Mitchell v. Walker,* 30 N. C., 243; Keener on *Quasi*-Contract,.p. 318.

In application of the general principle, it is ordinarily true that in the absence of a special contract where one person has rendered services of value for the benefit of another, or which the latter is under a binding obligation to perform, and such services and the benefits therefrom, not intended to be gratuitous, have been knowingly accepted and received, the law will imply a promise to pay what such services are reasonably worth.

It is said by an intelligent commentator, 15 A. E., 2d Ed., pp. 1082-83, that there are limitations on the principle, among them, that the party benefited must have the legal power to make a direct contract of a similar kind; and again, the services and benefits must have been received under circumstances that afforded the person benefited the opportunity to reject them, etc., but no such modifications are presented in the present case, where, as stated, it has been made to appear that the services were performed by plaintiff under the impression that they were a part of his official duties.

That this was permitted by the defendant with full knowledge of attendant conditions, and further, with the fair and reasonable inference that the company has been compensated for this work that they knowingly allowed plaintiff to do, and of which they have received the benefits.

The well considered case of *Blowers v. So. Ry.*, 70 S. C., 377, seems to be in direct support of the present recovery and several decisions of our own Court are in full approval of the principle upon which it rests. *Sanders v. Ragan, supra; Blount v. Guthrie*, 99 N. C., 92; *Bailey v. Rutjes,* 86 N. C., 517; 15 A. and E., 2d Ed., p. 1083; 40 Cyc., pp. 2810-11.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.