J. D. HARRIS v. L. C. BUIE AND GALEN HARRIS, BY HIS NEXT FRIEND, J. D. HARRIS, v. L. C. BUIE.

(Filed 20 April, 1932.)

**1. Contracts F c—Under the allegations in this action for breach of contract the admission of evidence of reasonable worth of services was not error.**

Where an employee of a dairy sues his employer upon the contract of employment and alleges that he was to be paid a fixed sum per month plus a division of the profits when the dairy was brought up to "A" grade, the admission of evidence as to the value of the services rendered will not be held for error, there not being such a variance between allegation and proof as to constitute prejudicial error to the defendant.

**2. Trial D a—Where defendant does not move for judgment as of nonsuit he waives question of sufficiency of the evidence.**

Where the defendant in a civil action does not comply with the provisions of C. S., 567, in making a motion for judgment as of nonsuit he waives the question of the sufficiency of the evidence.

APPEAL by defendant from *Finley, J.,* and a jury, at September Term, 1931, of RICHMOND. As to both appeals no error.

(1) This is an action brought by plaintiff, J. D. Harris, to recover of defendant, for breach of contract, the sum of $245 for services in connection with the defendant's "Sunny Slope Dairy," near the town of Red Springs, N. C.

The defendant in his answer denied any breach of contract or that he owed plaintiff anything, and says: "That the defendant paid the plaintiff much more than his services were really worth and paid him every cent that he obligated to pay him, and, therefore, the defendant does not owe the plaintiff any sum whatever."

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the plaintiff, J. D. Harris, enter a contract with the defendant, L. C. Buie, as alleged in the complaint? Answer: Yes.

2. If so, did the defendant break said contract? Answer: Yes..

3. What damages, if any, is the plaintiff entitled to receive? Answer: $162.50."

Judgment was rendered on the verdict for plaintiff and against the defendant.

(2) This is an action brought by plaintiff, Galen Harris, by his next friend, J. D. Harris, against defendant for breach of contract, to recover of defendant the sum of $300 for six months' services at $50.00 a month, in connection with defendant's dairy above referred to.

Defendant denied that he ever employed Galen Harris "to drive one of the defendant's milk trucks at a salary of $50.00 per month."

The issue submitted to the jury and their answer thereto were as follows: "What amount, if any, is the plaintiff, Galen Harris, entitled to receive of the defendant? Answer: $200."

Judgment was rendered on the verdict for plaintiff and against defendant. The defendant excepted and assigned errors as to the signing of both judgments, made other exceptions and assignments of error and appealed to the Supreme Court.

*Fred W. Bynum for plaintiffs.*
*J. C. Sedberry for defendant.*

CLARKSON, J. (First action.) At the close of plaintiff's, J. D. Harris, evidence, and at the close of all the evidence, defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error.

The plaintiff J. D. Harris testified, in part: "Mr. Buie paid me $40.00 per month but that was not the contract exactly. That was the contract until we reached the grade A standard. . . . The trade about my getting half of the profits was to start when I got the dairy up to A grade standard. I demanded my half of the profits the first month after it went up to grade A, but he said wait until we got a few more cows."

We do not think there is such a material variance between the allegations and proof that defendant can complain of. *Stokes v. Taylor,* 104 N. C., 394; *Dorsey v. Corbett,* 190 N. C., 783; *Brown v. Williams,* 196 N. C., 247.

When there is an express contract for a stipulated amount and mode of compensation for services, the plaintiff cannot abandon the contract

LEE *v.* BANK.

and resort to an action for a *quantum meruit* on an implied assumpsit. *Dorsey's case, supra.*

(Second action.) The plaintiff, Galen Harris, testified, in part: "On 12 May I began driving Mr. Buie's milk truck. He fired Ben McBryde and told father and I that he wanted me to drive the truck for him and that he would pay me $50.00 per month, the same he had been paying McBryde. . . . I worked for him six months and he did not pay me anything. I am claiming $50.00 for the six months. Mr. Buie never complained to me about my work. He said I had done all right. I was not of age to work for him and ask for my pay. I left that to my father as he was handling the business transaction."

J. D. Harris testified, in part: "I have had the court appoint me as next friend of my son to bring this suit. . . . Mr. Buie got dissatisfied with one of his drivers and he asked me if I thought I could finish up and get ready for grade A and let him put Galen on a truck. I told him I thought I could and so we called Galen over and he asked Galen if he would be willing to drive the truck at $50.00 per month, the same he had been paying McBryde. My son went to work for him the next morning. He worked six months. I never got any money from him for Galen."

In this action Galen Harris, by his next friend, J. D. Harris, against L. C. Buie, at the close of plaintiff's evidence the defendant, Buie, did not move for judgment as in case of nonsuit in the court below, nor at the close of all the evidence, as he had a right to do under C. S., 567. By the failure of defendant to follow strictly C. S., 567, *supra,* the question of the insufficiency of evidence is waived. *Nowell v. Basnight,* 185 N. C., 142; *Penland v. Hospital,* 199 N. C., 314; *Batson v. Laundry Co., ante,* 560. For the reasons given, in the judgment of the court below we find

No error.