DON THORMER, T/A DON THORMER ADVERTISING ART, v. LEXING-
TON MAIL ORDER COMPANY.

(Filed 15 December, 1954.)

**1. Contracts § 25a—**

Where services are furnished in accordance with a contract between the parties under which defendant agrees to pay compensation therefor, but the contract fails to stipulate the amount to be paid, the measure of recovery is the reasonable value of the services rendered.

**2. Quasi-Contracts § 1—**

Where there is no contract between the parties, there is no obligation resting upon the one to accept material furnished by the other.

**3. Quasi-Contracts § 2—**

This action was instituted to recover for advertising material furnished by plaintiff. *Held:* If the material was not furnished in accordance with contract, recovery on *quantum meruit* is limited to such materials and services as are accepted and appropriated by defendant, and an instruction permitting recovery for the value of all services and materials furnished by plaintiff, regardless of whether they were accepted or not, is reversible error.

**4. Same: Pleadings § 3a—**

While it is the better practice to allege an express contract and an implied contract separately, the complaint in the present cause alleging that plaintiff had fully performed his agreement with defendant, and that the services and materials furnished thereunder were well worth a stated sum, *is held* sufficient to support recovery on *quantum meruit,* without amendment.

APPEAL by defendant from *McKeithen, Special J.,* April 1954 Civil Term, of DAVIDSON.

Action to recover for advertising material alleged to have been furnished by plaintiff to defendant in accordance with contract therefor.

Plaintiff is engaged in the advertising art business in Atlanta, Georgia. Defendant, in business in Lexington, N. C., sells hosiery by mail order, advertising by distribution of its catalogue. This action concerns illustrations of defendant's hosiery items, intended for use in its catalogue.

Plaintiff alleges that "the defendant contracted and agreed with the plaintiff that the plaintiff should make and provide certain advertising matter for use by the defendant in the defendant's mail order business, a statement of the services and supplies rendered by plaintiff to the defendant pursuant to said agreement being itemized" as set forth in detail. Plaintiff alleges further that he "fully performed his agreement and contract with the defendant and said services, art work and supplies are well worth the said sum of $809.00," the total of the listed items for expenses, materials and services. These allegations are denied by defendant, which sets forth its version of the agreement with particular emphasis upon its contention that only hand-drawn art illustrations were concerned.

The first contact between plaintiff and defendant was through Mr. Buice, who traveled out of Atlanta and called on defendant with the view of selling printing. There is no contention that he acted as agent either for plaintiff or for defendant. Mr. Buice was not a witness.

Mr. Shoaf, defendant's president, testified that he gave Buice an order for hand-drawn illustrative work for the price of $300.00. Mr. Thormer, plaintiff, testified that Buice asked him to make up the work; and thereupon he made up and gave pencil sketches to the photographer.

Presumably, the order given Buice was intended to be passed on to plaintiff. Be that as it may, a few days later, in September, 1952, Shoaf was in Atlanta and talked with Thormer. Their testimony is the only evidence of the arrangement made between them and is in sharp conflict.

Thormer's testimony tends to show that, in view of the short time for getting out the work, it was agreed that a photographer's assistance would be required, that photographs would be used either for tracing or retouching; and that the retouched photographs, plus an illustration, were picked up by Buice (who was making a trip to Lexington) and delivered to defendant within less than the stipulated time of three weeks. According to Thormer, there were eleven retouched photographs plus one illustration for cover use; also, some additional work, consisting of "very clean pencil line drawings"; and that there was no definite agreement as to price, it being estimated that the price would be between $300.00 and $600.00. His testimony was that the retouched photographs were of excellent quality, altogether as attractive and satisfactory as hand-drawn illustrations.

Shoaf, who is an experienced professional photographer, testified that defendant used in its catalogue not photographs, but natural art drawings; that while in Atlanta Thormer showed him rough pencil drawings he had designed for defendant, something to go by to revise and finish;

that he showed Thormer two or three pages of defendant's catalogue and told him, "If you will finish them as perfect as this your ideas will be swell"; that nothing was said in the conversation in Atlanta about photographs or about price; that, later in the Fall, he authorized an increase in price from $300.00 to $500.00 provided plaintiff would hurry and finish the work as agreed upon, that is, "complete hand-drawn, beautiful hand-printed pieces of art"; that defendant "never did receive a single piece of hand-drawn art," only air-brushed photography; and that these were not received until "around the first of December, a good two months overtime."

Defendant's testimony tended to show that it kept one piece, for which it tendered payment in the amount of $37.50, the others having been returned to plaintiff by express. Plaintiff's testimony tended to show that he did not receive any of the material.

The issues submitted to the jury were answered as follows: "1. Did the plaintiff and defendant enter into a contract, as alleged in the complaint? Answer: No. 2. If so, what amount, if any, is plaintiff entitled to recover of defendant on the contract? Answer: .......... 3. Is the defendant indebted to the plaintiff upon the *quantum meruit* for services rendered? Answer: YES. 4. If so, in what amount? Answer: $500.00."

Judgment was entered for plaintiff for $500.00, with costs. Defendant appealed, assigning as error the court's action in overruling its motions for judgment as of involuntary nonsuit and portions of the charge relating to the third and fourth issues.

*Phillips & Bower for plaintiff, appellee.*
*DeLapp & Ward for defendant, appellant.*

BOBBITT, J. When the complaint and evidence are considered, it appears that the controversy posed by the first issue is whether the advertising matter prepared by plaintiff and furnished to defendant was in accordance with their agreement; and the core of this controversy is whether the agreement related solely to hand-drawn art illustrations rather than to retouched photographs.

If the advertising matter was in accordance with their agreement, in the absence of stipulation as to price, the defendant was obligated to pay the reasonable value thereof; for it is well established that when services are rendered under an agreement that compensation therefor is to be paid, the measure of recovery is the reasonable value of the services rendered. *Turner v. Furniture Co.,* 217 N.C. 695, 9 S.E. 2d 379, where *Devin, J.* (later *C. J.*), sets forth the elements to be considered in determining the reasonable value of such services.

The first issue having been answered "No," the defendant, nothing else appearing, was under no obligation to accept and pay for the advertising matter prepared and furnished by plaintiff. *Goldston Brothers v. Newkirk,* 233 N.C. 428, 64 S.E. 2d 424.

With reference to the *third* issue, the court instructed the jury, in part, as follows: "Now, recovery on the *quantum meruit* is allowed in an action for work and labor founded on an implied promise on the part of the defendant to pay the plaintiff as much as he reasonably deserves to have for his labor and what the defendant reasonably deserves depends upon the reasonable and fair value of the plaintiff's services in the trade in which the defendant was engaged and the value of such services for one situated as was the plaintiff in his trade."

And, bearing upon the *third* issue, the court instructed the jury that plaintiff contended: "that the work was good and of a high quality; that plaintiff is a fine and skilled artist and . . . is entitled to the value of his time and the cost which he paid out; . . . that this represents the reasonable value of his services in the trade and to the plaintiff; . . . that this represents the amount which he deserves, regardless of whether or not there was any contract; . . . that the value of his time and what he put out to do this job for the defendant represents the reasonable value of his services and time . . ." etc. The instructions given convey the idea that the plaintiff was entitled to recover on *quantum meruit* the reasonable worth of all materials and services, including expenses incurred, tendered by plaintiff to defendant.

It would seem that, had the jury answered the first issue "Yes," these instructions would have been appropriate if directed to the second issue. However, since the jury answered the first issue "No," we are constrained to hold that they are incorrect; for plaintiff's right to recover for materials and services rendered, *not in accordance with contract,* is restricted to such materials and services as were accepted and appropriated by defendant. As to these, and these alone, defendant must pay, on the basis of *quantum meruit;* and the basis of liability therefor is *quasi*-contract, *i.e.,* unjust enrichment. Restatement of the Law, Restitution sec. 1. "The basis of this recovery is not the original contract, but a new implied agreement deducible from the delivery and acceptance of some valuable service or thing." 12 Am. Jur., Contracts sec. 353. As stated by *Hoke, J.* (later *C. J.*): "The action of *indebitatus assumpsit,* as stated, is dependent largely on equitable principles, *Mitchell v. Walker,* 30 N.C. 243, and, in the absence of a special contract controlling the matter and unless in contravention of some public policy it will usually lie wherever one man has been enriched or his estate enhanced at another's expense under circumstances that, in equity and good conscience, call for an accounting by the wrongdoer." *Sanders v. Ragan,* 172 N.C. 612, 90 S.E. 777. It

appearing that defendant accepted and appropriated at least one of the illustrations prepared and furnished by plaintiff, plaintiff was entitled to an issue relative thereto.

Where plaintiff sues to recover for services rendered to defendant, failure to prove the alleged special contract to pay therefor precludes recovery *thereon;* but, where services so rendered are accepted by defendant, plaintiff may recover therefor upon *quantum meruit.* *Stokes v. Taylor,* 104 N.C. 394, 10 S.E. 566; *Morrison v. Mining Co.,* 143 N.C. 250, 55 S.E. 611; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477. The measure of such recovery, predicated on implied *assumpsit,* is the reasonable value of the services so rendered by plaintiff and *accepted* by defendant. *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561, and cases cited. Thus in *Moffitt v. Glass,* 117 N.C. 142, 23 S.E. 104, a contractor sued to recover on special contract for building a house for defendants. The jury found that the defendants did not make the contract as alleged. The defendants went into possession, not.accepting the house as in conformity with the contract but accepting it as it was for occupancy and enjoyment. *Faircloth, C. J.,* says: "The plaintiff's right to a *quantum meruit* inquiry does not depend solely upon the contract, but upon the ground that he rendered service in work and labor performed, the fruits of which were received by the defendants, . . . Then the quality of the material and work and the value thereof could be ascertained." While the more orderly method of pleading would be to allege the express contract and the implied contract separately, our decisions do not so require. McIntosh, N. C. P. & P., sec. 410. The complaint here seems broad enough to support a recovery on *quantum meruit* within the principles here stated without amendment. *Jamerson v. Logan, supra.*

In *Harris v. Buie,* 202 N.C. 634, 163 S.E. 693, cited by appellant, *Clarkson, J.,* says: "When there is an express contract for a stipulated amount and mode of compensation for services, the plaintiff cannot abandon the contract and resort to an action for *quantum meruit* on an implied assumpsit." The evident meaning is that, when a special contract is *admitted* or *established,* and by its terms the *compensation is stipulated,* plaintiff's recovery must be in accordance with its stipulated terms and not otherwise.

The court properly overruled the defendant's motions for judgment as of involuntary nonsuit; but, in view of the negative answer to the first issue, the instructions relating to the third and fourth issues were in error and entitle defendant to a new trial. It is so ordered.

New trial.