miles north of Durham; and that, based upon his personal observation, his opinion was that defendant was traveling at a speed of 65 miles per hour.  This evidence was sufficient to carry the case to the jury.

The witness testified further that he had stretched two tubes across Highway #501, 132 feet apart; that these tubes were connected to a stop clock held by him; that an automobile passing over the tube first reached would start the clock; that when it passed over the second tube it would stop the clock; that the clock was calibrated to show the time it took to travel the intervening 132 feet; and that this mechanical device was operated by him with reference to the automobile defendant was driving and indicated defendant's speed while traversing the distance of 132 feet to be at the rate of 65 miles per hour.

Defendant now contends that the evidence narrated in the preceding paragraph was incompetent and should have been excluded.

Defendant's counsel and the Attorney-General have filed interesting and helpful briefs bearing upon the preliminary proof required before testimony as to the speed of an automobile as recorded by such a mechanical device may be admitted in evidence.  But the question is not presented on this record.  Here the witness testified fully, without objection, with reference to the clock apparatus, how it worked and what it indicated on this particular occasion.  Defendant cannot now challenge the admissibility of evidence to which he interposed no objection and which was developed in greater detail by defendant's counsel on cross-examination of the State's witness.

Remaining assignments of error have been duly considered.  None discloses error of law sufficient to justify the granting of a new trial. Hence, the trial and judgment will be upheld.

No error.

IRVIN I. GURFEIN, TRADING AS SOUTHERN PLATE & WINDOW GLASS COMPANY, v. ROADWAY EXPRESS, INC.

(Filed 14 December, 1955.)

Carriers § 11—

Evidence that merchandise in good condition was delivered to a carrier and that it was delivered by the carrier in damaged condition, makes out a *prima facie* case precluding nonsuit.

APPEAL by plaintiff from *Preyer, J.,* at 29 August, 1955, Term (Civil) of GUILFORD.

Civil action to recover damage to property in transit from Toledo, Ohio, to plaintiff in Greensboro, North Carolina.

Upon the trial in Superior Court plaintiff offered evidence tending to show that defendant, a common carrier of property by motor truck in interstate commerce, accepted from Toledo Plate & Window Glass Company, in Toledo, Ohio, one case of plate glass silvered for mirrors in good condition for transportation by motor truck and trailer to plaintiff in Greensboro, North Carolina, for which defendant issued a straight bill of lading; that after the shipment arrived at plaintiff's place in Greensboro the driver of defendant's truck said "We tore these braces loose and it slipped down in the truck"; that the glass was delivered "in a totally damaged condition"; and that the wholesale value of the glass was $809.96 plus freight.

When plaintiff rested its case, motion of defendant for judgment as of nonsuit was allowed, and to judgment in accordance therewith dismissing the action, and taxing plaintiff with the cost, plaintiff excepted, and appeals therefrom to Supreme Court and assigns error.

*Thomas Turner and J. J. Shields for plaintiff, appellant.*
*Blackwell, Blackwell & Canady for defendant, appellee.*

PER CURIAM. The evidence offered by plaintiff, taken in the light most favorable to it, makes out a *prima facie* case for consideration by the jury. Hence the judgment as of nonsuit entered in the court below is
  Reversed.

---

### STATE v. DEL ADAMS.

(Filed 14 December, 1955.)

**Homicide § 27i—**

> In this prosecution for murder, the charge in regard to the jury's right to recommend life imprisonment *held* erroneous on authority of *S. v. Carter, ante*, 106.

APPEAL by defendant from *Williams, J.*, and a jury, at August Term, 1955, of JOHNSTON.

Criminal prosecution upon a bill of indictment charging the defendant with the murder of one Raymond Hayes.

The jury returned a verdict of guilty of murder in the first degree, without recommendation of life imprisonment, and judgment was pronounced imposing sentence of death by asphyxiation, from which the defendant appeals.