ADRIAN P. STOUT AND NOEL N. COLTRANE, JR., D/B/A STOUT & COLTRANE, ARCHITECTS v. JOE F. SMITH

No. 6918SC4

(Filed 26 February 1969)

**1. Quasi Contracts § 2—    recovery on quantum meruit — instructions**
    In an action to recover architectural fees upon alternative allegations of express contract or of *quantum meruit*, if the services are not furnished in accordance with the contract, recovery on *quantum meruit* is limited to the reasonable value of the services accepted and appropriated by defendant, and an instruction permitting recovery for the value of all services furnished by plaintiff, whether or not they were accepted, is prejudicial to defendant.

**2. Contracts § 25;    Quasi Contracts § 2—    recovery on quantum meruit — pleadings**

In an action to recover for personal services, it is permissible for the one rendering the services to abandon his allegations of special contract and proceed on the principle of *quantum meruit*, but the measure of such recovery is the reasonable value of the services rendered by plaintiff and accepted by defendant.

APPEAL by defendant from *Gwyn, J.*, at the 11 March 1968 Session of GUILFORD Superior Court (Greensboro Division).

In their complaint, plaintiffs alleged substantially as follows: They are architects practicing their profession as partners. Plaintiff Coltrane and defendant made an agreement whereby the plaintiffs would design a personal residence for the defendant, with the features and materials desired by the defendant, their fee to be based on a percentage of the cost of construction. Plaintiff Coltrane advised the defendant as to suitable lots and had numerous conferences with the defendant in order to tailor the house to the needs of the defendant. When the bids were submitted on the final plans and specifications, they were greatly in excess of the cost reasonably expected by either party, although no specific limit had ever been set. Subsequently, the cost was reduced, but the defendant remained unsatisfied and finally decided not to build the house proposed by plaintiffs. Defendant built a house with many features suggested by plaintiffs on a site recommended by them. Plaintiffs prayed for their fee based upon the agreement and, in the alternative, for *quantum meruit*.

In his answer, defendant admitted that the parties made an agreement whereby plaintiffs would design a house with features and materials suitable to the defendant, and that the plaintiffs were to be paid a fee for their work. He denied the remainder of the complaint and contended that the agreement was conditioned on the plaintiffs' designing a house capable of being built for a maximum cost of $45,000. Defendant denied any liability under an express contract and also denied liability under the theory of *quantum meruit*, contending that the plans submitted were for a house costing so much in excess of $45,000 as to be worthless to him.

The parties introduced testimony substantially as alleged in their respective pleadings. The case was submitted to the jury and the jury found that the plaintiffs had rendered services to the defendant for which they were entitled to be paid in the amount of $3,861.75. Defendant appeals from judgment on the verdict, assigning error.

*Sapp & Sapp by Armistead W. Sapp, Jr., and W. Samuel Shaffer, II, for plaintiff appellees.*

*Smith, Moore, Smith, Schell & Hunter by Herbert O. Davis for defendant appellant.*

BRITT, J.

[1]   In his first assignment of error, defendant contends that the court erred in charging the jury on the measure of damages where a contract does not specify the compensation for the services to be rendered under the contract; also, that the court erred in failing to charge the jury on the proper measure of damages.

Among the challenged portions of the court's charge are the following:

> "* * * But, where a person performs services for another at his request and to be paid for it AND WHERE THE AMOUNT HAS NOT BEEN EXPRESSLY AGREED UPON, then the law would say that there would be an obligation to pay what the services were fairly and reasonably worth, worth being what services of that character would cost when procured on the open market, the open market being the kind of market where a person is willing to render such services but not required to and where the purchasing or using public or person is willing to purchase such services and pay for it but doesn't have to. * * *

> But you are further instructed that if the plaintiff has satisfied you, the jury, from the evidence and by its greater weight that the defendant engaged the plaintiff to perform architectural services and that such architectural services were performed and that no express agreement was entered into as to the amount to be paid for the services, then the law would say that compensation would be due and to the extent of what was fair and reasonable, and upon such finding, that is by the greater weight of the evidence, it would be your duty to answer the first issue YES. * * *

> * * * So, he [the plaintiff Coltrane] says and contends he was working on a quantum meruit basis, that he was undertaking to perform services not knowing what the defendant would probably pay * * *."

No issue as to whether there was an express contract between the parties was submitted to the jury. The judge's charge was based entirely on what he declared to be the principle of *quantum meruit.*

In paragraph 3 of the complaint, plaintiffs alleged: "Defendant agreed that he would pay plaintiffs for their professional services and work product and the architect's fee based upon the fee schedule of the American Institute of Architects, then in effect. And agreed to make said payment in accordance with the provisions of said schedule requiring payment of seventy-five per cent of the architect's fee based upon 8.3% of the construction costs at the time plans and specifications were completed and submitted to bidders." Plaintiff Coltrane gave testimony in support of this allegation and testified that the amount sued for, $5,071.84, was on the basis of a $78,000 project.

There is a difference between the measure of damages in a claim on express contract, one on implied contract, and one on *quantum meruit*. "A promise to pay for services is implied when they are rendered and received in such circumstances as authorize the party performing to entertain a reasonable expectation of payment for them by the party benefited. However, the law will not imply a promise to pay the value of services rendered and accepted, where there is proof of a special agreement to pay therefor a particular amount or in a particular manner * * *." 58 Am. Jur., Work and Labor, § 6, pp. 514, 515. "If there is no special agreement as to the amount of compensation and the services are not intended to be gratuitous, the law implies a promise by the employer to pay what services reasonably are worth, which is determined largely by the nature of the work and the customary rate of pay for such work in the community and at the time the work was performed." Ibid, § 10, p. 518. "The measure of recovery for services furnished or goods received under the doctrine of unjust enrichment, as distinguished from the doctrine of contracts implied in fact, is the value of the actual benefit realized and retained." Ibid, § 32, p. 536.

[2] It is permissible under our practice, in an action to recover for personal services, for the one rendering the services to abandon his allegations of special contract and proceed on the principle of *quantum meruit. Lindsey v. Speight*, 224 N.C. 453, 31 S.E. 2d 371. But, the measure of such recovery, predicated on implied assumpsit, is the reasonable value of the services rendered by plaintiff and *accepted* by defendant. *Thormer v. Mail Order Co.*, 241 N.C. 249, 85 S.E. 2d 140.

In *Thormer v. Mail Order Co., supra,* cited in defendant's brief, the action was instituted to recover for advertising material furnished by plaintiff. The Supreme Court held that if the material was not furnished in accordance with the contract, recovery on *quantum*

*meruit* was limited to such materials and services as were accepted and appropriated by defendant, and an instruction permitting recovery for the value of all services and materials furnished by plaintiff, regardless of whether they were accepted or not, was reversible error. In an opinion by Bobbitt, J., and referring to the materials and services accepted and appropriated by defendant, the Court said: "As to these, and these alone, defendant must pay, on the basis of *quantum meruit;* and the basis of liability therefor is *quasi*-contract, i.e., unjust enrichment."

[1]    The effect of the judge's charge in the instant case was that plaintiffs were entitled to recover the reasonable value of *all* services performed by them for or on account of the defendant. In view of the express contract pleaded by plaintiffs, it was error, prejudicial to the defendant, for the court to charge the jury that plaintiffs were entitled to recover for the reasonable value of their services, without limiting such recovery to the reasonable value of the services *accepted and appropriated* by defendant. Defendant's assignment of error is well taken.

We will refrain from discussing the other assignments of error brought forth and argued in defendant's brief for the reason that they probably will not recur upon a retrial of this action.

For error in the court's instructions to the jury which was prejudicial to defendant, there must be a

New trial.

MALLARD, C.J., and PARKER, J., concur.