Forbes v. Pillmon

━━━━━━━━

J. M. FORBES, T/A FORBES' FLORIST-ALUMINUM PRODUCTS-REALTOR v. SAM PILLMON, T/A CHOWAN BEACH

No. 746DC366

(Filed 5 June 1974)

Quasi Contracts § 2— measure of damages — doors not installed

In an action seeking recovery on *quantum meruit*, the trial court erred in instructing the jury that it should consider whether plaintiff should be compensated for certain doors if it found that defendant had prevented plaintiff from installing the doors, since plaintiff's recovery is limited to the reasonable value of goods and services accepted and appropriated by defendant.

APPEAL by defendant from *Blythe, District Court Judge,* 29 October 1973 Session of District Court held in HERTFORD County.

This is an action seeking recovery on *quantum meruit*. An earlier appeal in the same case is reported in *Forbes v. Pillmon,* 18 N.C. App. 439, 197 S.E. 2d 226. At the second trial, plaintiff apparently abandoned efforts to recover on an alleged express contract. Evidence was conflicting on the quality of the services performed by plaintiff. The jury awarded damages in the amount of $4,000.00 and judgment was entered for that amount.

*No counsel for plaintiff appellee.*

*Cherry, Cherry and Flythe by Ernest L. Evans for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in its instructions on *quantum meruit* as the measure of damages. Defendant tendered written instructions to the court which it declined to adopt. The court charged, in part, that the measure of damages

"is the reasonable value of the labor and materials accepted and appropriated by Mr. Pillmon and these alone for which Mr. Pillmon must pay under the theory of quantum meruit unless you find that Mr. Pillmon, through his own actions, prevented Mr. Forbes from completing the building and, in this instance, the contention is installing the doors. I say that if you find that Mr. Pillmon prevented him from installing the doors, then it would be your duty to consider whether or not Mr. Forbes should be compensated and paid for the doors. . . . "

While the first portion of the above quoted instructions accurately defines the limits of *quantum meruit* recovery, that portion relating to the effect of the uninstalled doors on the measure of damages is incorrect. Plaintiff's right of recovery in this case is not bottomed on the existence of an express contract. Defendant was thus under no obligation to accept the doors. Plaintiff's recovery must be limited to the reasonable value of the goods and services accepted and appropriated by defendant. *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362; *Thormer v. Mail Order Co.,* 241 N.C. 249, 85 S.E. 2d 140. The purpose of allowing *quantum meruit* recovery is the prevention of unjust enrichment. *See Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507; *Thormer v. Mail Order Co., supra.* Absent an express agreement, when goods or services are accepted and appropriated by one from another, the law raises

an implied promise on the part of the recipient to pay. *Builders Supply v. Midyette, supra; Stout v. Smith,* 4 N.C. App. 81, 165 S.E. 2d 789. The court's inaccurate instructions on this issue constituted prejudicial error. There must be a new trial.

New trial.

Judges CAMPBELL and MORRIS concur.