PILOT FREIGHT CARRIERS, INC. v. DAVID G. ALLEN COMPANY, INC.

No. 7410DC311

(Filed 17 July 1974)

**Carriers § 12; Quasi-Contracts § 2— action for shipping charges — quasi-contract — summary judgment — liability — damages**

The trial court properly entered summary judgment for plaintiff on the issue of liability in a quasi-contract action brought by a motor carrier to recover for the delivery of bags of stone ordered by defendant and used by defendant in a construction project; however, the court erred in entering summary judgment for plaintiff on the issue of damages since that was a question for the jury.

APPEAL by defendant from *Barnette, Judge,* 22 October 1973 Session of District Court held in WAKE County. Heard in the Court of Appeals on 30 May 1974.

This is a civil action wherein the plaintiff, Pilot Freight Carriers, Inc., a North Carolina corporation, seeks to recover the sum of one thousand three hundred seventy-three dollars and ninety-nine cents ($1,373.99) from defendant, David G. Allen Company, Inc., a North Carolina corporation. The sum sought to be recovered represents the amount allegedly owed to plaintiff as a result of plaintiff-carrier having delivered 930 bags of crushed stone to defendant for use by the latter in its construction work on the Raeford Turkey Plant.

In 1969 the defendant company entered into a contract with the Raeford Turkey Plant to install certain tile floor on a "cost plus 10%" basis. Thereafter, as a result of this contract, the defendant ordered 930 bags of crushed stone from the Master Mechanics Company in Cleveland, Ohio. The Master Mechanics Company in turn contacted a Canadian supplier, Minnesota Minerals Ltd., who shipped the crushed stone to Raeford, North Carolina. The bill of lading which accompanied said shipment consigned the goods to "The Master Mechanics Company, c/o David G. Allen Company, Inc., c/o Raeford Turkey Plant, Raeford, North Carolina." The crushed stone was shipped from Ontario, Canada, to Winston-Salem, N. C., via Inter City Truck Lines and from Winston-Salem to Raeford by the plaintiff in the instant case. Subsequently, the crushed stone was used by the defendant company in the course of its construction work on the turkey plant.

On 6 April 1971, some fifteen months after delivery of the goods, the defendant received a first notice and demand from plaintiff for payment of the shipping charges. Defendant, denying its accountability, refused to pay the charges. On 3 November 1972, plaintiff filed a complaint seeking to recover the shipping charges from defendant and founded its claim upon express contract. Several months later the plaintiff amended its complaint, over defendant's objection, to bottom its claim in the alternative upon quasi-contract. The defendant filed an answer denying that it was responsible for the shipping charges and counterclaimed for $137.40, which sum represents 10 percent of the costs of shipping the stone and which defendant claims it was deprived of collecting from the Raeford Turkey Plant (on its "cost plus 10 percent" contract) by the negligence of plaintiff.

Both parties moved for summary judgment; and from the granting of summary judgment for the plaintiffs in the amount of $1,373.99, defendant appealed.

*Smith, Hibbert & Pahl by Carl W. Hibbert for the plaintiff appellee.*

*Dixon and Hunt by Daniel R. Dixon for defendant appellant.*

HEDRICK, Judge.

The single question presented by this appeal is whether the trial court correctly entered summary judgment in favor of the plaintiff. Summary judgment is the proper procedure if examination of the pleadings, interrogatories, affidavits, etc., discloses that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c), Rules of Civil Procedure. The propriety of summary judgment in the instant case involves a discussion of the following two propositions: (1) Was summary judgment properly entered with regard to the issue of liability; (2) Was summary judgment properly entered with regard to the issue of damages?

— I —

"In the absence of anything to indicate a contrary intention of the parties, where one performs for another a useful service of a character that is usually charged for and such service is rendered with knowledge and approval of the recipi-

ent, who either expresses no dissent or avails himself of the service rendered, the law raises an implied promise on the part of the recipient to pay the reasonable value of such service. The general rule is that where services are rendered by one person for another, and are knowingly and voluntarily accepted, without more, the law presumes that such services were given and received in the expectation of being paid for, and implies a promise to pay their reasonable worth." 66 Am. Jur. 2d, Restitution and Implied Contracts, § 24, p. 968. See also, *Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968).

A careful survey of the pleadings, exhibits, affidavits, and other documents filed in the motion for summary judgment reveals that the defendant did receive 930 bags of stone, which was delivered by plaintiff, and incorporated this crushed stone into the fabrication of the turkey plant. Moreover, no express contract existed between the parties. These uncontroverted facts manifest a benefit conferred by plaintiff and acceptance of such benefit by the defendant. Such circumstances dictate, in the absence of an express contract, that quasi-contract principles be imposed to prevent one party from being unjustly enriched to the detriment of the other. Therefore, the trial court correctly entered summary judgment in favor of the plaintiff as to the issue of liability.

— II —

Next, directing our attention to whether summary judgment was properly entered with regard to the issue of damages, we are of the opinion that the trial court incorrectly granted summary judgment as to this aspect of the case. In an action founded upon the theory of quasi-contract, the measure of the recovery is determined by the value of the actual benefit realized and retained. *Stout v. Smith*, 4 N.C. App. 81, 165 S.E. 2d 789 (1969); 66 Am. Jur. 2d, Restitution and Implied Contracts, § 28, p. 973. The value of the services rendered and retained "is determined largely by the nature of the work and the customary rate of pay for such work in the community and at the time the work was performed." 66 Am. Jur. 2d, Restitution and Implied Contracts, § 28, p. 973. The only evidence in this record as to the value of the services rendered by the plaintiff and retained by the defendant is that shown on the "Freight Waybill"; and while not conclusive, it may be considered, if shown to be consistent with the Interstate Commerce Commission's Schedule of

Rates and Tariffs, together with other evidence, if any, in determining the reasonable value of such services.

The result is—as to the issue of defendant's liability: summary judgment for the plaintiff is affirmed; as to the issue of damages: summary judgment for plaintiff in the amount of $1,373.99 is reversed, and the cause is remanded to the District Court for a determination of the issue of damages consistent with the principles of law herein set out.

Affirmed in part; reversed in part.

Judges MORRIS and BALEY concur.