PILOT FREIGHT CARRIERS, INC. v. DAVID G. ALLEN COMPANY, INC.

No. 7410DC1070

(Filed 2 April 1975)

Carriers § 12— action to recover shipping charges — instruction proper
    In an action to recover shipping charges, trial court's instruction on damages which complied with an earlier Court of Appeals decision in the case was proper.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 21 October 1974 in District Court, WAKE County. Heard in the Court of Appeals 11 March 1975.

Plaintiff instituted this action seeking to recover shipping charges for delivery of crushed stone used by defendant in construction of a floor at the Raeford Turkey Plant. The trial court entered summary judgment for plaintiff in the amount of $1,373.99. This Court affirmed as to defendant's liability on quasi-contract but remanded for determination of damages. *Freight Carriers v. Allen Co.,* 22 N.C. App. 442, 206 S.E. 2d 750 (1974). The jury returned a verdict for plaintiff in the amount of $1,373.99. From judgment entered, defendant appealed to this Court.

*Smith, Hibbert & Pahl, by Carl W. Hibbert, for plaintiff appellee.*

*Daniel R. Dixon for defendant appellant.*

ARNOLD, Judge.

In its opinion remanding this case as to the issue of damages, this Court said:

> "The only evidence in this record as to the value of the services rendered by the plaintiff and retained by the defendant is that shown on the 'Freight Waybill'; and while not conclusive, it may be considered, if shown to be consistent with the Interstate Commerce Commission's Schedule of Rates and Tariffs, together with other evidence, if any, in determining the reasonable value of such services." *Freight Carriers v. Allen,* 22 N.C. App. 442, 444-45, 206 S.E. 2d 750, 752-53 (1974).

Plaintiff, relying on the above language, presented a rate expert who testified that according to tariffs filed with the ICC the total charges for services rendered were $1,373.99. Defendant offered no evidence. The trial court instructed the jury that, if they found $1,373.99 to be reasonable and consistent with the ICC's schedule of rates and tariffs, they must render a verdict for plaintiff in that amount. In light of our prior disposition of this case, we must find no error in the instruction.

No error.

Judges BRITT and MORRIS concur.