FEDERAL REALTY INVESTMENT TRUST v. BELK-TYLER OF ELIZABETH CITY, INC.

No. 811SC548

(Filed 16 March 1982)

1. **Quasi Contracts and Restitution § 2.1— quantum meruit recovery—insufficient evidence**

   In an action to recover unpaid maintenance charges allegedly due under the terms of a lease, the trial court did not err in failing to submit to the jury an issue of *quantum meruit* since (1) there was no evidence from which the jury could have quantified the value of defendant's benefit from plaintiff's services; (2) plaintiff failed to show that defendant "accepted" plaintiff's performance; and (3) there could be no implied contract covering the same subject matter governed by the express agreement of the parties.

**2. Rules of Civil Procedure § 8; Waiver § 3— instructions on waiver—inconsistency with pleadings**

    The trial court's instructions on waiver were inconsistent with the pleadings in violation of G.S. 1A-1, Rule 8(c) where the plea of waiver had been stricken by court order.

**3. Waiver § 3— error in striking plea of waiver**

    The court erred in striking the defense of waiver from plaintiff's reply to defendant's counterclaim.

**4. Landlord and Tenant § 6.1— ambiguity in lease—jury question**

    The trial court erred in ruling as a matter of law that plaintiff landlord was not required by the terms of a lease to construct a rear access road to its shopping center; rather, the jury should have been permitted to consider evidence of the parties' communications and conduct, as well as the written terms of the contract, in determining whether an ambiguity as to the meaning of contract terms in fact existed.

APPEAL by defendant and cross-appeal by plaintiff from *Bruce, Judge.* Judgment entered 24 February 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 28 January 1982.

This action arises from a lease agreement between the parties, the terms of which have become the subject of dispute.

Evidence for plaintiff (hereafter Federal Realty) was that it had been part-owner of Southgate Mall in Elizabeth City, North Carolina, since 1974 and sole owner since 1978. Belk-Tyler is a tenant of the mall under a 1968 lease agreement with Federal Realty's predecessor. Prior to purchasing the mall, Federal Realty had obtained the signature of Belk's agent on an "estoppel letter" indicating that performance of the parties to the lease agreement was current as of 1974 except in those respects specified by Belk in an attached memorandum.

In March, 1977, Belk ceased making monthly payments of $837.50 for maintenance services provided by Federal Realty. These payments were not resumed until October, 1978. Federal Realty brought this action to recover unpaid maintenance charges allegedly due.

Belk admitted in its pleadings to non-payment of the maintenance charges, but defended on grounds that Federal Realty had breached its duty to perform according to the terms of agreement, and that Belk's obligation to pay for maintenance had

been excused by this breach. Specifically, Belk charged plaintiff with failure to provide adequate common area maintenance, failure to construct a rear access road to the mall, failure to provide the number of parking spaces required by the lease, and approval of prohibited use of the mall's common area.

Belk counterclaimed for specific performance under the terms of the contract for construction of a rear access road from Halstead Boulevard, and for additional parking spaces, as well as for other equitable relief not at issue on appeal.

In its reply to the counterclaim, plaintiff raised the defense of waiver, asserting that Belk had relinquished its right to enforce the contract as to the access road and additional parking. The waiver defense was stricken by court order, but plaintiff was later permitted by another judge to amend its reply to plead estoppel.

Federal Realty further alleged that Belk was not entitled to recover because the contract was ambiguous as to the provisions in question and that these ambiguities should be resolved in plaintiff's favor since Belk's attorney had drafted the agreement.

The trial court dismissed Belk's claim for construction of an access road, holding as a matter of law that Belk was entitled only to an easement from Halstead Boulevard to the rear parking lot of the mall.

The jury found that Federal Realty had not substantially performed required maintenance services and was therefore not entitled to recover unpaid maintenance fees. The jury also denied Belk's request for specific performance of Federal Realty's obligation to provide additional parking spaces.

Both plaintiff and defendant appealed.

*C. Glenn Austin for plaintiff appellant/cross-appellee.*

*Leroy, Wells, Shaw, Hornthal & Riley, by Dewey W. Wells, for defendant appellee/cross-appellant.*

ARNOLD, Judge.

### PLAINTIFF'S APPEAL

[1]   Federal Realty's sole assignment of error concerns the trial court's failure to submit to the jury the issue of *quantum meruit.* In support of this assertion, plaintiff cites evidence that defendant Belk received the benefits of maintenance services rendered by the landlord during the period in which payments were withheld. It argues that even if its performance was insufficient to fulfill the terms of the express contract, it should be permitted to recover the value of the services under an implied contract.

*Quantum meruit* recovery is based on the amount by which one party is benefited as a result of the other party's performance. *Pilot Freight Carriers, Inc. v. David G. Allen Co.,* 22 N.C. App. 442, 206 S.E. 2d 750, *appeal after remand* 25 N.C. App. 315, 212 S.E. 2d 699, *cert. denied,* 287 N.C. 465, 215 S.E. 2d 625, *cert. denied* 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed. 2d 644 (1974). We find nothing in the record from which the jury could have quantified the value of defendant's benefit from plaintiff's services here. Moreover, plaintiff failed to show that defendant "accepted" plaintiff's performance as required for quasi contractual recovery. *Hood v. Faulkner,* 47 N.C. App. 611, 267 S.E. 2d 704 (1980). Finally, there can be no implied contract covering the same subject matter governed by an express agreement of the parties. *Snyder v. Freeman,* 300 N.C. 204, 266 S.E. 2d 593 (1980). Plaintiff's own evidence shows that such an agreement was in effect between these parties.

In plaintiff's appeal, accordingly, we find no error.

### DEFENDANT'S APPEAL

[2]   Belk's first assignment of error is that the trial court erred in submitting the issue of "waiver" to the jury as a possible defense to Belk's claim for the number of parking spaces allegedly called for in the parties' agreement. Belk notes that plaintiff's plea of waiver had been stricken by court order and that only the defense of estoppel was set forth in the amended reply.

We have carefully examined the jury instructions and have concluded that the court's instruction on this issue was, at best, a highly confusing one. The court may have intended, as plaintiff

claims, to instruct on "estoppel." However, the term it used was "waiver," a related, but unquestionably distinguishable defense not raised by the pleadings. We hold, therefore, that the court's instruction was inconsistent with the pleadings in violation of G.S. 1A-1, Rule 8(c).

[3] Ironically, our review of the record has led us to the conclusion that the defense of waiver more nearly conforms to the evidence presented at trial than does the defense of estoppel. We are unable to determine, as a matter of law, whether there exists sufficient evidence of either defense for submission to the jury. However, plaintiff should have been permitted to amend its pleadings to raise either or both defenses and to present such evidence as it may have had available in proof thereof. We hold, therefore, that Judge Brown's order striking the plea of waiver was error.

[4] Belk also assigns as error the court's failure to submit to the jury the issue of Federal Realty's failure to provide a rear driveway to the mall. Federal Realty argues that the court correctly relied on the general rule of contract construction that ambiguous terms should be construed against the party who prepared the contract. While we acknowledge that such a rule exists, and is properly applicable where the intended meaning of a contract term cannot be ascertained with certainty, we find the rule inapplicable here.

The very heart of contract law is that a contract should be construed, wherever possible, so as to give effect to the intent of the parties. *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 219 S.E. 2d 190 (1975). In ascertaining the parties' intent, courts may consider the language, subject matter and purpose of the contract, as well as the situation of the parties at the time, and may even read into a contract such implied provisions as may be necessary to effect the parties' intent. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973). Courts also must give consideration to evidence of the parties' own interpretation of the contract prior to the controversy. *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962); *Shoaf v. Shoaf*, 14 N.C. App. 231, 188 S.E. 2d 19, *reversed on other grounds* 282 N.C. 287, 192 S.E. 2d 299 (1972).

In the case at bar, it was error for the court to decide the issue relating to construction of a rear entrance as a matter of

law. The jury should have been permitted to consider evidence of the parties' communications and conduct, as well as the written terms of the contract, in determining whether an ambiguity as to the meaning of contract terms in fact existed. If an ambiguity had remained after all of the evidence had been weighed, then and only then would the court have been justified in resolving it against Belk as a matter of law.

We hold that the errors noted above require that we reverse the judgment and remand for a new trial on the issues of plaintiff's liability for construction of additional parking spaces and for construction of an access road from Halstead Boulevard.

Defendant's argument that specific performance would be the appropriate remedy for breach of these alleged duties since money damages cannot be estimated with accuracy is well taken. However, since plaintiff's liability has not been established, we find it unnecessary to reach this issue.

In plaintiff's appeal there is no error.

In defendant's appeal on its counterclaim judgment is vacated and remanded for new trial.

Judges CLARK and WHICHARD concur.