RALEIGH PAINT & WALLPAPER COMPANY v. JAMES T. ROGERS BUILDERS, INC.

No. 8410DC374

(Filed 19 March 1985)

**Contracts § 20.2— flooring contract—full performance prevented by defendant**

In an action in which plaintiff was suing to collect the amount owed for installing vinyl flooring and defendant denied performance and counterclaimed, alleging that the flooring was not installed in a workmanlike manner, the

court's finding that defendant prevented plaintiff from fully performing the contract was supported by evidence that the owner of the building had complained of scratches on the vinyl after it was installed; plaintiff had had the floor buffed and waxed but the scratches were still apparent; plaintiff, while maintaining that the flooring was not defective or improperly done, had agreed to replace the flooring at no extra cost; and defendant's president had refused to let plaintiff's installer do the reflooring, telling him to leave the premises and having the flooring replaced by someone else.

APPEAL by defendant from *Redwine, Judge.* Judgment filed 6 January 1984 in District Court, WAKE County. Heard in the Court of Appeals 30 November 1984.

Plaintiff, a building materials supplier and floor covering subcontractor, furnished certain materials for and installed the vinyl flooring in a building defendant, a general contractor, constructed for Dr. Craig Wilson's veterinary clinic. Plaintiff sued to collect the $2,745.27 that defendant agreed to pay therefor. By its answer defendant denied plaintiff's performance of the contract and counterclaimed, alleging that plaintiff did not install the flooring in a workmanlike manner. A jury was waived and trial was had before Judge Redwine, who found that plaintiff performed the contract, except to the extent defendant prevented it from doing so, and rendered judgment for plaintiff in the amount sued for, together with interest from 16 November 1982.

*Jean P. Werner for plaintiff appellee.*

*Everett & Hancock, by S. Allen Patterson, for defendant appellant.*

PHILLIPS, Judge.

Though defendant poses seven questions for our consideration, the appeal raises but one question, and that is whether the court's finding that defendant prevented plaintiff from completing its performance of the contract is supported by competent evidence. If it is, the finding is conclusive, *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975), and defendant is precluded from using plaintiff's failure to perform the contract either as a defense to the case or as the basis for a counterclaim. This elemental proposition has been enforced by the common law since the days of Lord Coke, if not before. *Cape Fear and Deep River Navigation Co. v. Wilcox*, 52 N.C. 481 (1860).

There was testimony to the following effect: After plaintiff installed the flooring on 4 October 1982 and Dr. Wilson complained of some scratches on the vinyl, plaintiff had the floor buffed and waxed with two coats three days later, but the scratches were still apparent and on 13 October 1982, though maintaining that the flooring was not defective or improperly done, plaintiff agreed to replace the flooring at no additional charge in order to satisfy defendant and the building owner. Just three days later on 16 October 1982, plaintiff's installer went to the clinic building to do the reflooring, but defendant's president refused to let him do the job, told him to leave the premises, and later had the flooring replaced by someone else.

This evidence amply supports the judge's finding that defendant prevented plaintiff from fully performing the contract, and the judgment appealed from is therefore affirmed.

Affirmed.

Judges WHICHARD and JOHNSON concur.