BOBBY D. SPEAR AND WIFE, PATRICIA J. SPEAR v. DALLAS D. DANIEL AND DANIEL HOMES, INC.

No. 863SC740

(Filed 3 February 1987)

Contracts § 18.1— repudiation of contract by contractor—occupancy of house before completion—no waiver of rights under contract

 Plaintiffs did not waive their right to sue defendant for breach of a contract for construction of a house by moving into the unfinished house and completing construction on their own, notwithstanding a provision of the contract stated that occupancy of the house prior to payment of the final installment to

defendant contractor constituted approval of defendant's performance, relieved defendant of further performance, and voided any express or implied warranties by defendant, where the evidence showed that defendant refused to complete the house and execute certain lien waivers required for plaintiffs' permanent loan because plaintiffs would not sign a new agreement accepting defendant's construction work and releasing defendant from any further claims relating to the construction work. Defendant could not repudiate its duty of performance under the contract and then take advantage of its own act by denying its liability under the contract.

APPEAL by plaintiffs from *Winberry, Judge.* Judgment entered 13 March 1986 in CARTERET County Superior Court. Heard in the Court of Appeals 11 December 1986.

Plaintiffs brought this action on 17 May 1984 seeking damages for breach of a written construction contract and for damages for deceptive and unfair trade practices under N.C. Gen. Stat. § 75-1.1 *et seq.* Plaintiffs' evidence tended to show, in pertinent part, that:

Plaintiffs and Daniel Homes, Inc. entered into a written contract dated 8 September 1983 for the construction of a residence. The contract provided that the residence would be completed within 150 days. All parties anticipated a moving date around 1 April 1984.

As construction was nearing completion, a dispute occurred between plaintiffs and Dallas Daniel, president of defendant Daniel Homes, Inc. Mr. Daniel contended that plaintiffs owed additional sums for extra work performed by defendant. Plaintiffs contended that they were entitled to credit for work that was not performed or that cost less than they had contracted to pay. Plaintiffs also complained about the correctness of some of the work which was done. Plaintiffs were nearing the date scheduled for closing their permanent loan on the residence when this dispute arose. Mr. Daniel was aware of the plaintiffs' upcoming closing.

During their dispute, Mr. Daniel advised Mr. Spear that he would have to sign a separate, new agreement waiving the warranty provisions of the parties' original 8 September 1983 agreement in order for defendant corporation to complete the house and in order for it to execute certain lien waivers required by plaintiffs' lender as a prerequisite for disbursing the permanent

loan. Plaintiffs refused to sign the waiver, and Mr. Daniel accordingly refused to complete the house or sign the lien waivers. Negotiations between the parties deteriorated at this point. Around 8 May 1984, plaintiffs moved into the residence even though it was not complete because they "had to move out of the house they were living in . . . ." Plaintiffs completed construction of the residence on their own and brought this action.

The trial court granted defendants' motion for directed verdict as against both of plaintiffs' claims at the close of plaintiffs' evidence. From the judgment entered in accordance with this verdict, plaintiffs appealed.

*L. Patten Mason, P.A., by L. Patten Mason, for plaintiff-appellants.*

*Bennett, McConkey, Thompson, Marquardt & Wallace, P.A., by Thomas S. Bennett, for defendant-appellees.*

WELLS, Judge.

Plaintiffs contend the court erred in granting defendants' motion for directed verdict against their claim for breach of contract. We agree as to plaintiffs' claim against defendant Daniel Homes, Inc.

The dispositive question is whether plaintiffs waived their rights under the contract by moving into the residence prior to payment of the final installment due under the contract. Plaintiffs' evidence was clearly sufficient for submission to the jury unless plaintiffs, as a matter of law, waived their rights under the contract.

Paragraph #9 of the 8 September Agreement provides:

9. OCCUPANCY PRIOR TO FINAL DISBURSEMENT. Should Owner move furnishings or appliances other than those in the contract, or otherwise occupy the dwelling prior to payment to Contractor of the final installment of contract price, together with any and all other sums due, such action shall be deemed final and absolute approval of the Contractors performance of this Agreement, and the Owners; satisfaction therewith, and shall relieve contractor of further performance of duty with respect to this Agreement. Such action

shall also void the Contractor's express warranty set forth hereinafter, and it shall be a release by Owner unto contractor of any and all implied warranties with respect to construction of the dwelling. Upon such action, the balance of contract price, together with all other sums payable, shall become immediately due by Owner to Contractor.

Defendants contend that by electing "to move into the house before matters were settled . . ." plaintiffs are now restricted by the stipulations in Paragraph #9 from bringing this action for breach of contract. It is apparently on this basis that the court directed a verdict against plaintiffs on this claim. However, defendants' argument disregards the evidence showing that Mr. Daniel refused to finish the residence because plaintiffs would not execute a separate, new written agreement in which plaintiffs were required to agree as follows:

> This will acknowledge that this date we have paid to Daniel Homes, Inc. the sum of $251.11 as full and final payment under the terms of the construction contract that exists between us. We further hereby acknowledge that Daniel Homes, Inc. has completed the construction work agreed upon and it has been accepted by us and we do hereby release him from any further claim on our part against him in any matter relating to the construction of our dwelling located in Country Club East Subdivision.

If Daniel Homes conditioned its own further performance, *viz.*, completion of the residence, on plaintiffs' execution of the above release and thereafter ceased construction when plaintiffs refused to do so, as shown by the plaintiffs' evidence, plaintiffs' subsequent actions in moving into the residence and completing construction on their own would not constitute a waiver of their rights to sue on the contract notwithstanding the stipulations contained in Paragraph #9. One who repudiates his duty of performance under a contract will not be allowed to take advantage of his own act by denying his liability under the contract. *See Commercial National Bank v. Charlotte Supply Co.*, 226 N.C. 416, 38 S.E. 2d 503 (1946); *see also Raleigh Paint & Wallpaper Co. v. James T. Rogers Builders, Inc.*, 73 N.C. App. 648, 327 S.E. 2d 36 (1985).

Accordingly, we hold that plaintiffs are entitled to a new trial on their breach of contract claim against Daniel Homes, Inc.

Defendant Dallas Daniel correctly contends that plaintiffs could not bring a breach of contract claim against him, individually, since the evidence in the record shows that plaintiffs were dealing with him in his official capacity as president of Daniel Homes, Inc. We thus affirm that portion of the judgment dismissing plaintiffs' claims against defendant Dallas Daniel.

Plaintiffs contend the court erred in granting defendants' motion for directed verdict against their claim alleging unfair and deceptive trade practices. However, after reviewing the record in light of this contention, we hold that the court properly granted defendants' motion for directed verdict as against this claim in that plaintiffs failed to present sufficient evidence that defendants' conduct constituted an unfair or deceptive trade practice under N.C. Gen. Stat. § 75-1.1.

Affirmed in part, reversed in part and remanded.

Judges MARTIN and PARKER concur.