D. W. WARD CONSTRUCTION COMPANY, INC. v. DOLPH O. ADAMS AND JEAN S. ADAMS

No. 8714SC880

(Filed 17 May 1988)

**Contracts § 28— construction contract—issues and instructions not consistent**
    In an action to recover damages under a construction contract, the trial court erred in submitting issues to the jury which were directed to an express contract theory of liability while his instructions combined both express and implied contract theories of recovery; consequently, the jury's verdict was inconsistent on its face where the jury found that plaintiff had not substantially performed its contractual obligations but nevertheless awarded plaintiff damages.

APPEAL by defendant from *George M. Fountain, Judge.* Judgments entered 30 January 1987 and 10 March 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 February 1988.

*Pulley, Watson, King & Hofler, P.A., by R. Hayes Hofler, III and Judith V. Siegel for plaintiff-appellee.*

*Randall, Yaeger, Jervis and Stout by John C. Randall for defendant-appellant.*

BECTON, Judge.

Plaintiff D. W. Ward Construction Company, Inc. (Ward Construction) brought this breach of contract action against defendants Dolph O. Adams and Jean S. Adams to recover damages in the amount of $43,046.32 under a construction contract. In the alternative, Ward Construction sought to recover damages in the same amount under a theory of implied contract. A jury found that Ward Construction had not substantially performed its obligations under the contract but, nevertheless, awarded Ward Construction $36,500 in damages. Defendants appeal. We remand for a new trial.

I

Ward Construction contracted with Dolph and Jean Adams to perform extensive remodeling work on their home on 7 May 1984. The contract, drawn by the Adamses' attorney, provided that the work was to be completed within 120 days and in conformity with plans and specifications provided by the Adamses' architect. The Adamses were supposed to make payments as the work progressed and as they received certification of the work's completion from their architect. The total contract price was $78,707.00, but a liquidated damages provision penalized the builder $25.00 per day for each day over the first 120 days that the work was not completed. The parties presented conflicting evidence regarding Ward Construction's performance.

Ward Construction presented evidence that, despite continual complaints and requests for "change orders" from the Adamses—Dolph Adams in particular—it attempted to complete the work specified under the contract. Ward Construction's evidence showed that the Adamses' architect certified every

category of the work under the contract as complete with the exception of some painting valued at $641.00. Yet, the Adamses refused to make payments under the last two certifications and did not pay for some extra work. Ward Construction asserted that it stood ready to complete the job and to repair certain minor discrepancies noted by the Adamses. However, its workmen were dismissed from the worksite by Dolph Adams on 22 January 1985 and thus could not complete the work. The Adamses paid Ward Construction $44,989.00 of the $78,707.00 due under the contract. The Adamses were entitled to a $3,000 credit for wallpaper installed by someone else. Two change orders requested by the Adamses amounted to an additional $12,134.52 in costs. As a result, Ward Construction contended it was owed $42,852.52 under the contract.

The Adamses' evidence showed that they discharged Ward Construction by letter through their attorney on 13 February 1985. They asserted at that time that there were 46 deficiencies in the work and that completion was more than five months overdue. They showed expenses of $9,258 to complete the work. The Adamses contended that they owed nothing to Ward Construction because Ward Construction did not complete its contractual obligations.

II

The Adamses raise two issues on appeal which are so intertwined that we will consider them together. They contend that the trial judge erred (1) by instructing the jury that damages *should* be awarded to Ward Construction for the reasonable value of its goods and services, although it failed to substantially perform its contractual obligations, and (2) by entering judgment on the damages verdict and failing to strike the damages award as inconsistent.

The jury answered the following issues:

1. Did the plaintiff substantially perform its contract with the defendants as alleged in the complaint?

Answer: No.

2. If so, when was the substantial performance completed?

Answer:

3. What amount, if any, is the plaintiff entitled to recover of the defendants?

Answer: $36,500.

The Adamses argue, citing *Federal Realty Investment Trust v. Belk-Tyler of Elizabeth City, Inc.*, 56 N.C. App. 363, 289 S.E. 2d 145 (1982), that one whose performance was insufficient to fulfill the terms of an express contract cannot recover the value of its services under an implied contract.

Ward Construction, on the other hand, argues, citing *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 645, 312 S.E. 2d 215, 217 (1984), that "a trial judge has an affirmative duty to charge a jury on both legal and equitable theories of recovery where the pleadings are broad enough to include either theory [and the evidence supports either]."

The case law is clear that when the evidence supports it, a party may recover under either of the three contractual theories — express contract, contract implied in fact, or contract implied in law — provided the trial judge submits issues of fact regarding the different theories and instructs the jury regarding computation of damages under the different theories. See *Ellis Jones, Inc.* Moreover, a party who fails to complete performance may recover the costs of his work if his full performance was prevented by the other party, and the party who prevents his performance is precluded from using his failure to perform the contract as either a defense or as a basis for a counterclaim. *Raleigh Paint and Wallpaper Co. v. Rogers Builders, Inc.*, 73 N.C. App. 648 (1985). In the instant case, the trial judge instructed the jury as follows:

In the event that you should answer the first issue no, that is, that there has been no substantial performance, then you would go to the third issue to determine what amount, if any, the plaintiff is entitled to recover. Obviously, the work performed, the materials furnished, cannot be returned. So if there has been no substantial compliance, then you would consider and award to the plaintiff such an amount as you find to represent the actual value of services performed and labor performed and the materials furnished, if any, in excess of the amount already paid which is $44,989.

We hold that the instructions and questions presented to the jury are irreconcilably inconsistent. The trial judge submitted issues to the jury that were directed to an express contract theory of liability; however, his instructions combined both express and implied contract theories of recovery. Consequently, the jury's verdict, on its face, is inconsistent. The jury answered "no" to the first issue—finding that Ward Construction had not substantially performed its contractual obligations—but nevertheless awarded damages to Ward Construction when answering the third issue. Such a result can only be accepted if the jury finds an agreement apart from the express one or finds other equitable grounds, such as prevention of performance, on which to base a recovery. The issues, as presented, did not permit the jury to so find.

The Adamses argue further that the damages award should be stricken, leaving Ward Construction with no recovery because they failed to substantially perform. We disagree. This is not a case in which the jury ignored the dictates of the law by entering a special finding of fact inconsistent with its general verdict. *See, e.g., Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973); *Swann v. Bigelow,* 243 N.C. 285, 90 S.E. 2d 397 (1955). Rather, the issues presented to the jury were insufficient to give voice to the judge's instructions. We, therefore, remand this case for a new trial.

New trial.

Chief Judge HEDRICK and Judge SMITH concur.