Ruffin, 0. J.
 

 It is not needful to consider of the benefit, which the marriage of the plaintifF and the birth of issue might have been to the testator in preventing the estate, which he had purchased, from going over, and making his fee absolute ; since, without doubt, marriage is a valuable consideration, and sufficient to support a contract, whether executed or executory. It is generally the sole consideration on which marriage settlements are founded, and it sustains them against the creditors of the contracting parties and purchasers from them. It was so decided by Lord Clarendon in
 
 Douglass
 
 v.
 
 Waad,
 
 1 Chan. Cas. 99; and in
 
 Brown
 
 v.
 
 Jones,
 
 1 Atk. 188, Lord Hardwick said, that a settlement on the wife beiore marriage, though without a portion, is good — for, marriage itself is a consideration. It is most clearly so ; for, by the marriage, the respective parties incur duties and obligations to, or in respect of, each other, and the one acquires in the estate of the other, or loses in his or her own, certain rights, which are valuable in a pecuniary sense. So, mutual promises between a man and woman.to marry will sustain each other, and the party violating his or her promise is liable to the action of the other, as is often seen. In like manner a promise by one man to another to pay him so much, in consideration that he will marry a certain woman is valid. The same reasons make it so, upon which a marriage settlement is upheld upon the consideration of the marriage. There are many cases of actions on collateral promises to one, in consideration that the promisee will marry a third person. In
 
 Browne
 
 v.
 
 Garborough,
 
 Cro. Eliz. 63, the promise was to a woman, that, if she would marry one R. B. and one J. B. should not assure to them certain land, then the defendant would pay her £100, and the marriage took effect,,
 
 *177
 
 and an action was brought thereon by the husband and wife. After verdict for the plaintiffs on non-assumpsit, it was moved in arrest of judgment, that there is no sufficient consideration, as the defendant was a stranger to
 
 the feme.
 
 But the Court gave judgment on the verdict, giving as one reason, that it was intended the woman was induced by the promise to marry R. B., which otherwise she would not have done, and peradventure she trusted the defendant rather than J. B.
 
 Bradford
 
 v.
 
 Foder,
 
 Cro. Jac. 228, and
 
 Berisford
 
 v.
 
 Woodroff,
 
 Id. 404, are other instances in which similar actions were sustained. It is true, that in those cases it happened, that the person, whom the plaintiff was to marry, was a relation of the defendant, and that in
 
 Browne
 
 v.
 
 Garborough,
 
 some stress was laid on that circumstance. But it is quite clear, that was not material; for, it is not the benefit that may accrue to the promiser or his relation, which constitutes the consideration in such a case, but the liabilities incurred by the person marrying and the effects the marriage may have on his or her estate, real or personal. Accordingly we find a precedent,
 
 2 Went.
 
 492, in which the declaration was on a promise to pay the plaintiff
 
 &1,
 
 in conside-ation that he would marry one D. B., who then had a bastard ; and there is another precedent, 2 Chit.
 
 PI. 254,
 
 in which the declaration is on a promise to pay the plaintiff a sum named for marrying one E. F., without otherwise describing her as of kin to the defendant, or as under any particular discredit or disadvantage. In
 
 Ex parte Cottrell,
 
 Cowp. 742, a person gave to another a bond to pay him certain sums by instalments, in consideration that he would marry a woman, by whom the ob-ligor had several bastard children, and, after the marriage had, the obligor became bankrupt, and the question was, whether the obligee could prove this debt under the commission. A case was sent out of Chancery to the Court of King’s Bench for the opinion of the Court of law. The
 
 *178
 
 Court interrupted the counsel for the creditor by enquir-ing, what could be objected to the bond ; and when the counsel on the other side contended, that the debt could not be proved, because it was not founded on a good consideration, Lord Mansfield replied, that the consideration was good between the parties, as it was a stipulation between them in consideration of marriage ; the one having performed his part and married the woman, the other was bound to perform his. Those cases and precedents fully establish, tha.ta. promise to pay aman for marrying a particular ;tybfuan will maintain an action, after the marriage'had. It follows, that a promise to pay him for marrying any woman, without designating one in particular, is likewise valid; for there is no perceptible distinction on which the-lawcan give an action in the one case and not in the other. It was argued, indeed, that it might be a prejudice to one to marry a particular woman, and by possibility, in such a case, the man would not have married her, had it not been for the promise; whereas marriage generally is to be taken to be to the party’s, gratification and benefit, and, when he is left at large to his own free choice, his marriage cannot be intended to be to his disadvantage ; and therefore, that in this last case the marriage is not a sufficient consideration. But the distinction seems to be entirely untenable ; for experience proves, even when the parties are of their own exclusive selection, marriages may or may not be judicious or happy. And it is just as much an act of prudence for a man to refrain from marrying any woman without having a competent livelihood for himself, his wife, and a family, as it is for him, under those circumstances, not to marry a particular woman. In either case he may be induced to marry or not to marry by his having or not having a reasonable consideration. But the law does not enquire, whether the party has or has not made a fortunate- match, because it is not the adequacy of the con*
 
 *179
 
 sideration, which determines the validity of the promise, but it is the doing of some thing by the party, to whom the promise is made, and it is a familiar elementary principle, that such act, however trifling, constitutes a sufficient consideration. The act of marriage with any one woman must, in this point of view, be the same as that with any other; and, therefore, as far as the objection te the want of a consideration affects the ease, the instructions to the jury were right.
 

 It was next said, that the plaintiff gave no such assent to. this promise as amounted to a conüjj¥5ffif|weTñ?^m parties, on which the other party coul<#m^J^Sn adn<^^%nd, so, it was void for want of mutually. That is but presenting the last objection in anotfluuAMf)eSCMtí)¡therefore cannot avail. There are twonmodcs of making [simple contracts and declaring on them. one party promises to do a certain throg*^¡¡jdffi^eHéíderation of that promise the other party engagesto do something on his part. Then, as nothing is done but the making of the promises, it is absolutely necessary, that mutual valid promises, amounting to an express contract, should appear ; otherwise, one of the parties might claim the benefit of the promise of the other, without in return doing any act or being liable for any loss whatever. And in such a case it is necessary only to set out the mutual promises, without averring performance on the part of the plaintiff. The other mode is, when one party promises, in consideration that the other will or will not do some act. Then, no mutual promise need be sot forth or exist; but it is necessary and sufficient to show the act done. It is not requisite, that it should appear, the plaintiff might have been sued for not doing the act; for he may recover after the thing done, though it was at his election whether he would do it or not up to the moment of its execution. Thus in an action on a promise to pay the debt of another in consideration of forbearance, the
 
 *180
 
 declaration sets forth no agreement of the plaintiff to forbear, bat only the promise of the defendant to pa}’ up on the consideration of forbearance for the particular time, and, then, that the plaintiff, confiding in the defendant’s undertaking, did forbear during the prescribed period. In like manner are framed the precedents upon promises to pay one for marrying a particular person. They set forth, that in consideration that the plaintiff, at the instance of the defendant, would marry A. B„ the defendant promised the plaintiff to pay, &c., and that the plaintiff, confiding in the promise, afterwards married, &c. In no instance is there an averment, or is it set forth as a part of the consideration, that the plaintiff agreed to marry, excepting only when the action is between a man and woman-for breach of promise to intermarry. The declaration alleges merely, that the plaintiff in fact married, and that thereupon the action arose upon the defendant’s promise. For, in all such cases, it is the intendment of the law, that the marriage was induced by the promise, and therefore it is not necessary to aver or prove that it was done at the instance of the defendant.
 
 Berisford
 
 v.
 
 Woodroff,
 
 Cro. Jac. 404.
 
 Poynter
 
 v.
 
 Poynter,
 
 Cro. Car. 194.
 
 Bockenham
 
 v.
 
 Thacker, 2
 
 Vent. 71. There is, however, another case, which presents a remarkable instance of the validity of a promise by one person to pay a sum of money for an act done by another, when no other person is or can be found to do the act, and the right to claim the benefit of the promise arises simply from the performance of the act by any person and without any previous communication with the defendant. It is that of the promise of a reward for apprehending a felon, discovering lost goods, or the like ; in which the promise is deemed to be a continuing one and to be binding in favor of any person, who afterwards acts upon it.
 
 Williams
 
 v.
 
 Carwardirel,
 
 5 Car. & P. 566, and 4 Barn. & Ad. 621. And the precedents of declaration upon such offers of reward aver merely,
 
 *181
 
 that the plaintiff, upon the faith of the offer, did the service, and that the defendant had notice thereof. 3
 
 Went.
 
 30. It was not necessary, therefore, that the declaration here should have averred more than it has, or that there should have been any engagement by the plaintiff to marry, in order to entitle the plaintiff to recover upon his marriage and the birth of a child.
 

 As to the objection, that these things were not done in a reasonable timé, there is nothing in it. The contract specified no time within which the marriage and birth of issue should occur; and, from their nature, the party had his life time to perform them, and, upon performance completed, could claim the compensation agreed on — at least, unless, before any act done by the plaintiff towards performance, the other party had retracted his offer.
 

 The last ground of exception was, that the plaintiff did not prove, that he was the father of his wife’s child ; and to that was added here, that an enquiry on that point would be indecent, and therefore, also, that the promise ought not to entitle the plaintiff to an action. The an« swer is, that there is legal evidence of the paternity of the child ; as it is matter of law, that the husband, who-co-habits with bis wife — and nothing to the contrary was suggested here — is presumed to be in fact the father of the wife’s issue. Then, as to the notion of the indecency of investigating an enquiry into the legitimacy of the issue, it seems fo the Court to be entirely unfounded. This is not a case of a wager between two persons upon a question involving the feelings of others or naturally calculated unnecessarily to produce indecent enquiries. On the contrary, it is a promise to pay one a certain sum in consideration of marrying and having issue of the marriage ; which is a .very common contingency, upon which' estates devised are enlarged or defeated, and it is also a contingency on which almost all the limitations in marriage settlements depend. They can offend the feelings'
 
 *182
 
 or delicacy of no one, but are contingencies naturally connected with the proper provisions for a family, and therefore they almost always give rise to important limitations in settlements. The present is a transaction much of the same nature; whereby the plaintiff, who was single at the time, was to become entitled to demand a particular sum from the testator, upon his future marriage and the birth of issue.
 

 Per Curiam. Judgment affirmed.