S. R. MORRISON ET AL. v. J. H. PARKS.

(Filed 3 December, 1913.)

Contracts—Offer—Acceptance.

> For the acceptance of an offer to become a binding contract, it must be absolute and unconditional, and identical with its terms in all respects; and where an offer to sell lumber is made, and the acceptance is for a lower price, with further specification as to kinds, etc., the acceptance is a conditional one, and does not make a contract of sale.

APPEAL by plaintiffs from *Daniels, J.,* at May Term, 1913, of CATAWBA.

*A. A. Whitener for plaintiffs.*
*W. A. Self and Spainhour & Mull for defendant.*

CLARK, C. J. This is an action to recover $320 on account of defendant's failure to execute an alleged contract for the sale of certain lumber. At the close of plaintiffs' evidence the court sustained the motion for a nonsuit.

The defendant addressed a letter to the plaintiff as follows:

"GENTLEMEN:—I have about 80,000 feet of oak left yet, for which I will take $16 per M, delivered on cars at Bridgewater 'log-run.' I will take $8 per M for the mill culls I have at Bridgewater, as that is what it cost me; cut and deliver same."

To this the plaintiff replied:

"DEAR SIR:—Your letter of the 20th received, and would say, we will take your 4/4 oak, at $16, mill culls out, delivered on

cars at Bridgewater. We will handle all your mill culls, but not at the price you are asking. We are buying from A. L. & Co. for $4.50 on board the cars. We would be glad to handle yours at this price. How soon will you have some 4/4 ready to load? We will take the 80,000 feet and will depend on this, and will load it out as soon as you can put it on the railroad. Please write us at once how soon you will have some of this stock ready to load."

The alleged contract being in writing, the construction of this written evidence was a matter for the court. In order to make the offer and reply a contract, "The acceptance must be (*a*) absolute and unconditional, (*b*) identical with the terms of the offer, (*c*) in the mode, at the place, and within the time expressly or impliedly required by the offer." Clark on Contracts (2 Ed.), 25; *Sumrell v. Salt Co.,* 148 N. C., 552.

The plaintiff Morrison testified that "4/4" means lumber "an inch thick, of any length or width," and that "log-run" means "any thickness, with culls out." He further testified that the market price of 4/4 lumber, of that character, at that place and time, was $18.50.

It is apparent that the reply was not an acceptance of the terms of the offer of the defendant. (1) The defendant offered to take $8 per M for mill culls. The plaintiff replied, offering $4.50. (2) The defendant offered 80,000 feet of oak "log-run" at $16. The plaintiff replied, offering $16 per M for 4/4 oak— an entirely different article, and which he himself testified was then worth in the market $18.50 at the same place.

There was no contract. The offer of the defendant was not accepted, but a counter offer of an entirely different nature was made. The minds of the parties never met. The judgment of nonsuit must be

Affirmed.