ELLIS JONES, INC., FORMERLY D/B/A ELLIS JONES, JR., TILE CONTRACTOR, INC. v. WESTERN WATERPROOFING CO., INC.

No. 838SC52

(Filed 21 February 1984)

1. **Contracts § 27.2; Quasi Contracts and Restitution § 2.1— contract implied in fact and contract implied in law—sufficiency of evidence**

Plaintiff's evidence was sufficient to be submitted to the jury under theories of breach of a contract implied in fact and a contract implied in law based on unjust enrichment where it tended to show that plaintiff agreed to do certain splay base and other extra work in installing tile flooring in a hospital under construction and that defendant construction subcontractor agreed to pay plaintiff for this work; plaintiff did the work, defendant knowingly accepted and benefited from plaintiff's work, and defendant did not pay plaintiff; and the reasonable value of the work performed was a certain amount.

2. **Quasi Contracts and Restitution § 1.2— contract implied in law based on unjust enrichment**

> A contract implied in law is not the product of an agreement between the parties but is imposed by law to prevent unjust enrichment of a defendant when he should not be permitted to retain a benefit that he has received from plaintiff.

3. **Contracts § 29.1— breach of contract implied in fact—measure of damages**

> The measure of damages for a breach of contract implied in fact is the reasonable value of plaintiff's services.

4. **Quasi Contracts and Restitution § 2.2— contract implied in law—measure of damages**

> The measure of recovery under a contract implied in law is the reasonable value of materials and services rendered by the plaintiff which are accepted and appropriated by defendant.

5. **Contracts § 28.2; Quasi Contracts and Restitution § 2.2— contract implied in fact and in law—evidence supporting both theories—instructions on damages under one theory—harmless error**

> Where plaintiff's pleadings and evidence supported alternative theories of a contract implied in fact and a contract implied in law, the trial court should have instructed on both theories. However, the court's failure to instruct on the measure of damages under a contract implied in law was not prejudicial error where the court properly instructed on the measure of damages for a contract implied in fact, the reasonable value of plaintiff's services was equivalent to the reasonable value of plaintiff's services which were accepted by and benefited defendant, and the jury's verdict would have been the same under either theory of recovery.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 13 August 1982 in Superior Court, LENOIR County. Heard in the Court of Appeals 6 December 1983.

On 3 May 1978, plaintiff, a tile flooring subcontractor, and defendant, a construction subcontractor, entered into a written contract whereby plaintiff would install tile flooring at the Florence General Hospital Annex, Florence, South Carolina. The contract specified that plaintiff would install terrazzo tile flooring according to drawings and specifications prepared by the architect. The flooring was to be installed on an "open slab" (before partitions were installed).

During negotiations prior to the 3 May 1978 contract, plaintiff determined that the architect's plans called for installation of terrazzo tile flooring and for both terrazzo "splay" and "topset" base. Splay base tile projects from the walls and is more expen-

sive to purchase and install than terrazzo "topset" base. Plaintiff gave defendant a price of $136,000.00 to $138,000.00 for the job. Defendant responded that there was to be no splay base and only 4,000 linear feet of topset base. Plaintiff then gave defendant a price of $108,000.00 for the terrazzo floor and 4,000 linear feet of topset base. Before signing the contract, plaintiff added, on the face of the contract, the words, "any over 4,000 feet as extra," after a provision that "there will be 4000 LF [linear feet] of base included in this contract." The contract also provided that changes from the architect's plans could be made only after plaintiff submitted the cost to defendant and received written orders for the change from defendant.

Subsequent to the signing of the contract, defendant contacted plaintiff and, according to plaintiff's evidence, directed that "they were going to put splay base on the job and that they had plenty of money to do it with." A letter dated 1 June 1978 from defendant confirmed this change and requested a price for the splay base work. On 13 July 1978, plaintiff sent to defendant drawings for the installation of the splay base, based on plaintiff's understanding of the architect's plans. On 25 July 1978, plaintiff, in a letter, requested defendant's approval of the plans for installation of the splay base. Plaintiff never sent defendant a price quote for the work, and defendant never approved plaintiff's plans to install the splay base.

Plaintiff installed the terrazzo floor and splay base during 1979. The installation of the splay base took two to three months and was completed prior to 9 November 1979. Representatives of defendant were on the job during this time period, and plaintiff was not told to stop the work or to furnish a price for the splay base. Because of delays in other aspects of construction (not caused by plaintiff), defendants proceeded to put up the interior walls before plaintiff installed the terrazzo floor. Thus, the job was not on open slab, as planned, and extra "grinding" work was required along the edges of the interior walls. Defendant agreed to pay plaintiff 50¢ per linear foot for necessary grinding.

The terrazzo floor and base work was accepted and approved by the architect in April or May 1980. Plaintiff submitted invoices to defendant for the splay base work, the extra grinding needed because the job was not on open slab, and other "extras," which

have not been paid (because, according to defendant, defendant has not been paid by the general contractor).

Plaintiff filed suit against defendant for breach of contract on 17 April 1981. The case was tried before a jury, which returned a verdict of $33,300.00 in favor of plaintiff. Defendant's motions for judgment notwithstanding the verdict and a new trial were each denied. Defendant appeals.

*Erwin and Beddow, by Fenton T. Erwin, Jr., for defendant-appellant.*

*Marcus, Whitley and Coley, by Robert E. Whitley, for plaintiff-appellee.*

EAGLES, Judge.

Defendant first assigns as error the trial court's denial of defendant's motion for a directed verdict. Defendant contends that the evidence was insufficient, as a matter of law, to be submitted to the jury. We do not agree.

[1] A motion for directed verdict must be denied when the trial court finds any evidence more than a scintilla to support plaintiff's case in all its constituent elements. The evidence must be considered in the light most favorable to the plaintiff, and he is entitled to all reasonable inferences that can be drawn from it. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). In this contract action, plaintiff presented ample evidence that there was an agreement that plaintiff would do the splay base and other extra work and that defendant would pay plaintiff for that work, that plaintiff did the work, that defendant knowingly accepted and benefited from plaintiff's work, and that defendant did not pay plaintiff. Plaintiff also presented sufficient evidence to show the reasonable value of the work performed. Therefore, the trial court's denial of defendant's motion for a directed verdict was proper.

Defendant's remaining assignments of error concern the trial judge's instructions on damages. The trial judge submitted issues to the jury that were directed to a contract theory of liability. The issues submitted were: (1) whether the parties entered "into a Contract subsequent to the written contract for work to be done at the Florence, South Carolina General Hospital"; (2) if so,

whether the contract was breached; and (3) what amount, if any, the plaintiff was entitled to recover from defendant. The trial judge then proceeded to charge the jury as to matters relating to breach of contract. After some deliberation, the jury asked for further instructions on whether price was a necessary element of an oral contract. The trial judge then charged the jury that:

> The law implies a promise to pay for services rendered by one party to another where the recipient knowingly and voluntarily accepts the services and there is no showing that the services were gratuitously given.

> Where there is no agreement as to the amount of compensation to be paid for services, the person or company performing them is entitled to recover what the services are reasonably worth, based on the time and labor expended, skill, knowledge and experience involved and other surrounding circumstances.

Because the first paragraph of this supplementary instruction describes a contract implied in law while the rest of the judge's charge was based on a contract implied in fact, there was an inconsistency in the trial judge's instructions, but under these facts, we find no prejudicial error.

[2] There are at least three variations of contract theory under which a trial judge could instruct a jury: express contract, contract implied in fact, and contract implied in law. The first two theories are based on "real" contracts, genuine agreements between the parties. A contract implied in law is not the product of an agreement between the parties but is imposed by law to prevent unjust enrichment of a defendant when he should not be permitted to retain a benefit that he has received from plaintiff. DOBBS, REMEDIES § 4.2. The issues of fact presented to the jury will differ according to which theory the trial judge instructs on, and damages are computed differently under each theory. The amount of plaintiff's recovery may vary significantly, depending on which method of computing damages the jury is instructed to use. Where pleadings are broad enough to support recovery on two of these theories and where evidence is presented to support either theory, the trial judge should submit to the jury separate issues directed to each theory of liability. *Yates v. Mickey Body Co.*, 258 N.C. 16, 128 S.E. 2d 11 (1962).

Plaintiff's complaint first alleged breach of an implied in fact contract. An implied in fact contract is a genuine agreement between parties; its terms may not be expressed in words, or at least not fully in words. The term, implied in fact contract, only means that the parties had a contract that can be seen in their conduct rather than in any explicit set of words. DOBBS, *supra.* Here, plaintiff's complaint describes "a contract . . . whereby plaintiff agreed to furnish material and to perform work . . . and defendant agreed to pay plaintiff for the performance of this work." Plaintiff's evidence tended to show that there was an agreement that plaintiff would do the splay base work and other work and that defendant would pay plaintiff for this work (defendant's statement that there was "plenty of money to do it with.") The fact that defendant's representatives observed plaintiff doing the work and did not tell plaintiff to stop the job was conduct consistent with the existence of a contract. Plaintiff presented evidence that he performed the job and that defendant did not pay him. Plaintiff also put on sufficient evidence of the reasonable value of the work performed.

[3]  Under such an implied in fact contract, damages are based on the reasonable value of the services "rendered pursuant to request and agreement to pay therefor (sic)." *Turner v. Marsh Furniture Co.,* 217 N.C. 695, 697, 9 S.E. 2d 379, 380 (1940); see DOBBS, REMEDIES § 4.5. Under this implied in fact contract, the "circumstances to be considered in determining the compensation to be recovered are the amount and character of services rendered, the responsibility imposed, the labor, time and trouble involved. . . ." *Turner v. Marsh Furniture Co.,* 217 N.C. at 697, 9 S.E. 2d at 380. The trial judge here correctly and adequately instructed the jury on an implied in fact contract and the measure of damages under this theory.

Plaintiff's complaint alleged, in the alternative, that there was an implied in law contract based on unjust enrichment. An implied in law contract "will usually lie wherever one man has been enriched or his estate enhanced at another's expense under circumstances that, in equity and good conscience, call for an accounting by the wrongdoer." *Thormer v. Lexington Mail Order Co.,* 241 N.C. 249, 252, 85 S.E. 2d 140, 143 (1954); see DOBBS, REMEDIES § 4.2. Here, plaintiff's complaint alleged: "Even if some of the work provided by plaintiff were not specifically provided

for in the contract, and plaintiff maintains that it was, all of plaintiff's work was accepted and was worth the sum of at least $45,050.05." Plaintiff's evidence tended to show that defendant knowingly and voluntarily accepted plaintiff's services and benefited by having the work performed satisfactorily. Plaintiff also put on evidence of the value to defendant of the finished job from which defendant benefited.

[4] Under a contract implied in law, the measure of recovery is *quantum meruit*, the reasonable value of materials and services rendered by the plaintiff that are "accepted and appropriated by defendant." *Thormer v. Lexington Mail Order Co.*, 241 N.C. at 252, 85 S.E. 2d at 143; DOBBS, *supra.* The trial judge here, while describing an implied in law contract in his supplementary instructions, failed to instruct the jury as to the proper measure of damages under this theory.

[5] Because plaintiff's pleadings and evidence were broad enough to support the alternative theories of an implied in fact contract and an implied in law contract, the trial judge should have instructed on both theories. *Yates v. Mickey Body Co., supra.* Although there will be cases where the reasonable value of plaintiff's services (the damages under an implied in fact contract) will vary significantly from the reasonable value of plaintiff's services *that are accepted by and that benefit defendant* (the damages under an implied in law contract), this is not such a case. Here, the reasonable value of plaintiff's services is equivalent to the reasonable value of plaintiff's services that were accepted by and that benefited defendant.

While there was technical error in the trial judge's instructions in that he failed to instruct on the measure of damages under an implied in law contract, the jury's verdict demonstrates that they found that plaintiff did provide a service, that defendant did accept the benefit of that service, and that defendant should pay plaintiff a reasonable value for the work performed by plaintiff. We therefore find no prejudicial error in the trial judge's instructions to the jury on damages.

For the reasons given above, we find

No error.

Judges HEDRICK and BRASWELL concur.