CIM INSURANCE CORPORATION, GMAC DIRECT INSURANCE CO., GMAC INSURANCE COMPANY ONLINE, INC., HOME STATE COUNTY MUTUAL, INTEGON CASUALTY INSURANCE CO., INTEGON GENERAL INSURANCE CORP., INTEGON INDEMNITY CORP., INTEGON NATIONAL INSURANCE CO., INTEGON PREFERRED INSURANCE CO., INTEGON SPECIALTY INSURANCE CO., MIC GENERAL INSURANCE CORP., MIC PROPERTY AND CASUALTY INS. CORP., MOTORS INSURANCE CORPORATION, NATIONAL ALLIANCE INSURANCE CO., NATIONAL GENERAL ASSURANCE CO., NATIONAL GENERAL INSURANCE CO., NEW SOUTH INSURANCE CO., AND GMAC INSURANCE HOLDINGS, INC., PLAINTIFFS v. CASCADE AUTO GLASS, INC., DEFENDANT

No. COA07-1079

(Filed 3 June 2008)

**Contracts— unilateral—acceptance by performance**

Summary judgment was properly granted against defendant in a declaratory judgment action and counterclaim arising from a contract dispute concerning payments for repair or replacement of automobile glass under GMAC's glass coverage program. GMAC communicated the prices it was willing to pay defendant for services rendered, its offer stated that acceptance was by performance, and defendant performed the requested repairs. GMAC

———————————

paid defendant pursuant to the terms of the unilateral contracts entered into between the parties.

Appeal by defendant from judgment entered 5 April 2007 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 4 March 2008.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio and Scott A. Miskimon, for plaintiffs-appellees.*

*Connor Law Firm, P.L.L.C., by Gregory S. Conner; and Livgard & Rabuse, P.L.L.P., by Charles J. Lloyd, pro hac vice, for defendant-appellant.*

JACKSON, Judge.

Cascade Auto Glass, Inc. ("defendant") appeals the granting of summary judgment in favor of CIM Insurance Corporation and seventeen other named plaintiffs in the instant case on 5 April 2007. For the reasons stated below, we affirm.

Defendant is an automobile glass replacement company doing business in North Carolina. The eighteen named plaintiffs ("GMAC") are all GMAC-affiliated insurance companies providing comprehensive automobile insurance coverage to insureds within North Carolina, including the repair or replacement of damaged automobile windshields. Between 1999 and 2004, defendant replaced broken windshield glass in at least 2,284 GMAC-insured vehicles, over 525 of which were North Carolina vehicles.

Prior to 1999, GMAC administered its own glass coverage program, and generally paid the full amounts billed by defendant for work performed for its insureds. In 1999, GMAC entered into an agreement with Safelite Solutions—an affiliate of Safelite Auto Glass ("Safelite")—to serve as third-party administrator of its auto glass program. Thereafter, Safelite communicated the prices that GMAC would agree to pay defendant for its services, which generally were lower than what GMAC previously had paid.

Defendant disputed the Safelite prices. Notwithstanding defendant's protests, once an insured filed a claim, Safelite would send defendant a confirmation fax, including the previously stated price GMAC would pay, and a statement that "[p]erformance of services constitutes acceptance of the above price . . . ." Defendant then would

perform repair or replacement services and bill GMAC the rates it deemed "fair and reasonable." Defendant also disputed the prices Safelite provided in the confirmation faxes.

GMAC, through Safelite, submitted payments to defendant according to the prices it quoted in its various communications with defendant. Defendant accepted the payments from GMAC and deposited the money into its corporate accounts, without returning any funds to GMAC.

Defendant has had similar pricing disputes in Idaho and Washington, and brought suit in those states seeking to recover " 'unpaid' balances" from insurance carriers in those states. Defendant also threatened to file a complaint against GMAC. Consequently, on 15 February 2005, GMAC brought the instant action for declaratory judgment, seeking a declaration of the rights of the parties. In response, on 21 March 2005, defendant counterclaimed for breach of contract as to the alleged unpaid balances.

On 29 September 2006, GMAC filed a motion for summary judgment, which was heard on 19 February 2007. By that time, both the Idaho and Washington appellate courts had issued opinions affirming their respective lower courts' granting of summary judgment against defendant. *See Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.*, 141 Idaho 660, 115 P.3d 751 (2005); *Cascade Auto Glass v. Progressive Ins.*, 135 Wash. App. 760, 145 P.3d 1253 (2006), *disc. rev. denied,* 161 Wash. 2d 1012, 166 P.3d 1217 (2007). The trial court in the instant case also granted summary judgment against defendant by order filed 5 April 2007. Defendant appeals.

By its first assignment of error, defendant argues that summary judgment was inappropriate because there were genuine issues of material fact regarding whether GMAC breached the terms of its policy. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker,* 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).

CIM INS. CORP. v. CASCADE AUTO GLASS, INC.

[190 N.C. App. 808 (2008)]

The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel*, 310 N.C. 695, 699, 314 S.E.2d 506, 508 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that an affirmative defense would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence demonstrating the existence of a *prima facie* case. *Id.* (citation omitted).

In reviewing the evidence at summary judgment, "[a]ll inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citing *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972)). This Court reviews an order allowing summary judgment *de novo*. *See Summey*, 357 N.C. at 496, 586 S.E.2d at 249.

In its 5 April 2007 order, the trial court based its judgment on three grounds: (1) GMAC complied with the terms of its insurance contract; (2) GMAC paid defendant in accordance with unilateral contracts GMAC entered into with defendant; and (3) defendant's actions in cashing checks sent to it by GMAC, knowing that GMAC considered those payments "final," constituted an accord and satisfaction of any potential claim defendant might assert. "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

A unilateral contract is formed when one party makes a promise and expressly or impliedly invites the other party to perform some act as a condition for making the promise binding on the promisor. *See Gurvin v. Cromartie*, 33 N.C. 174, 179 (1850) (One mode of contract is "when one party promises, in consideration that the other will or will not do some act.")

[W]here one makes a promise, conditioned upon the doing of an act by another, and the latter does that act, the contract is not void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the

contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory.

*Erskine v. Chevrolet Motors Co.*, 185 N.C. 479, 489, 117 S.E. 706, 710 (1923).

In the instant case, GMAC, through Safelite, communicated the prices it was willing to pay defendant for services rendered to its insureds. These prices were communicated in several ways: (1) via letter to defendant's shops, (2) via telephone when initial claims were made, (3) via confirmation fax after claims were made but before work was performed, and (4) via eventual payment of invoices at the GMAC rate rather than defendant's rate. The confirmation faxes stated, "[p]erformance of services constitutes acceptance of the above price . . . ." Although defendant protested the stated prices, these protests admitted that the confirmation faxes constituted offers—"The purpose of this letter is to address [the confirmation faxes] and to dispel any notion that we are in agreement with the *offered pricing*."

"It is a fundamental concept of contract law that the offeror is the master of his offer. He is entitled to require acceptance in precise conformity with his offer before a contract is formed." *MacEachern v. Rockwell International Corp.*, 41 N.C. App. 73, 76, 254 S.E.2d 263, 265, *disc. rev. denied*, 297 N.C. 611, 257 S.E.2d 219 (1979) (citing *Morrison v. Parks*, 164 N.C. 197, 189, 80 S.E. 85, 86 (1913)). Here, the offer stated that acceptance was by performance. Because defendant performed the requested repairs or replacements, it accepted the terms of GMAC's offers, forming valid unilateral contracts at GMAC's stated prices. *See Id.* at 76, 254 S.E.2d at 266 ("[W]hen the offer so provides, it may be accepted by performing a specific act rather than by making a return promise." (citing *Koppers Co., Inc. v. Chemical Corp.*, 9 N.C. App. 118, 126, 175 S.E.2d 761, 767 (1970))).

GMAC paid defendant pursuant to the terms of the unilateral contracts entered into between the parties. Defendant has not been "underpaid" and is due no further payments. Therefore, summary judgment was properly granted against defendant.

Affirmed.

Judges WYNN and BRYANT concur.