WATERS EDGE BUILDERS, LLC, PLAINTIFF v. OSCAR LONGA AND JENIFER LONGA, DEFENDANTS

No. COA10-1389

(Filed 2 August 2011)

## 1. Quantum Meruit—lien on real property—precluded absent express contract

The trial court erred by enforcing plaintiff's claim of lien when the trial court allowed plaintiff's recovery on the theory of *quantum meruit*. Absent an express contract or one implied-in-fact, plaintiff was precluded from placing a lien on real property.

## 2. Attorney Fees—prevailing party—reversal of holding

The trial court erred by granting plaintiff attorney fees under N.C.G.S. § 44A-35. Plaintiff was not the prevailing party within the meaning of the statute given the Court of Appeals' reversal of the trial court's order granting plaintiff a lien on defendant's real property.

## 3. Quantum Meruit—materials and services—inexact nature of costs—reasonableness

The trial court did not err by awarding plaintiff a recovery in the amount of $5,000.00 on the theory of *quantum meruit*. Given the evidence and the inexact nature of ascertaining a definite cost for the type of service provided, the value assessed by the trial court for materials and services was reasonable and supported by competent evidence.

### 4. Contracts—unilateral contract—no condition for making promise

The trial court did not err by failing to find that a unilateral contract existed between the parties. The evidence was not conclusive that a final agreement between the parties invited plaintiff to perform some act for making the promise to complete the construction of defendant's staircase for $9,000.

Appeal by defendants from order entered 11 August 2010 by Judge William A. Leavell, III, in Watauga County District Court. Heard in the Court of Appeals 23 March 2011.

*Di Santi Watson Capua & Wilson, by Frank C. Wilson, III, for plaintiff-appellee.*

*Miller & Johnson, PLLC, by Nathan A. Miller, for defendant-appellants.*

BRYANT, Judge.

Where a claim of lien cannot be premised upon a contract implied in law wherein the theory of recovery is quantum meruit, the trial court erred in granting plaintiff's claim of lien on defendant's property and awarding plaintiff attorney's fees on the basis of plaintiff's status as the prevailing party. Where the evidence is not conclusive that the final arrangement between the parties required plaintiff to perform some act indicating a promise to complete defendant's staircase for a cost of $9,000.00, the trial court was not compelled to find that the contractual relationship between the parties was unilateral.

Plaintiff Waters Edge Builders, LLC, was hired by defendant Oscar Longa to construct a staircase in a home he and his wife (collectively "defendants") were renovating in Watauga County. This matter arises from a disagreement regarding the final amount plaintiff was owed for the work. On 8 September 2008, plaintiff filed a claim of lien on defendants' real property which stated that labor or materials were last furnished upon the property on 13 August 2008. On 5 February 2009, plaintiff filed a complaint seeking recovery on the basis of breach of contract, mechanics and materialman's lien, and quantum meruit. On 1 April 2009, defendant answered plaintiff's complaint and counterclaimed on the basis of breach of contract, fraud, deceptive acts or practices affecting commerce, and action to quiet title. On 25 June 2010, defendants filed a motion to dismiss the claim of lien and for summary judgment as to the contract claim against

Jenifer Longa. On 8 July 2010, after considering the affidavits of the parties and the arguments of counsel presented in open court on 6 July 2010, the trial court denied defendants' motion to dismiss the claim of lien and motion for summary judgment. On 11 August 2010, the trial court entered its order awarding plaintiff $5,000.00 under the theory of quantum meruit and granting plaintiff a materialman's lien against defendants' property. Pursuant to the lien, the court ordered that defendants' property be sold in accordance with N.C. Gen. Stat. § 44A-13(b) to satisfy the lien. Further, the trial court concluded that there was an unreasonable refusal by defendants to fully resolve the matter, constituting bad faith. On this basis and in its discretion, the trial court awarded plaintiff $8,625.00 in attorney's fees. Defendants appeal.

On appeal, defendants raise four issues: did the trial court err (I) in enforcing plaintiff's claim of lien; (II) in granting plaintiff attorney's fees; (III) in awarding recovery on the theory of quantum meruit; and (IV) in concluding that no unilateral contract existed between the parties.

*I*

**[1]** Defendants first argue that the trial court erred in enforcing plaintiff's claim of lien when the trial court also found that there existed no express contract between the parties and allowed plaintiff's recovery on the theory of quantum meruit. Defendants contend that absent an express contract or one implied-in-fact, plaintiff is precluded from placing a lien on real property. We agree.

"The materialman's lien statute is remedial in that it seeks to protect the interests of those who supply labor and materials that improve the value of the owner's property." *O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 268, 624 S.E.2d 345, 348 (2006) (citations omitted). "A remedial statute must be construed broadly in the light of the evils sought to be eliminated, the remedies intended to be applied, and the objective to be attained." *Carolina Bldg. Servs.' Windows & Doors, Inc. v. Boardwalk, LLC*, 362 N.C. 262, 264, 658 S.E.2d 924, 926 (2008) (citation and internal quotations omitted). Under North Carolina General Statutes, section 44A-8,

> [a]ny person who performs or furnishes labor or professional design . . . or furnishes materials . . . *pursuant to a contract, either express or implied*, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a right to file a claim of lien on real property on the real property to secure payment of all debts

owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to the contract.

N.C. Gen. Stat. § 44A-8 (2009) (emphasis added). "There are at least three variations of contract theory . . . : express contract, contract implied in fact, and contract implied in law. The first two theories are based on 'real' contracts, genuine agreements between the parties." *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 645, 312 S.E.2d 215, 217 (1984). A contract implied-in-law is not based upon an actual agreement. *Paul L. Whitfield, P.A. v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 415 (1998). "[A]nd *quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties." *Id.* "In order to prevent unjust enrichment, a plaintiff may recover in *quantum meruit* on an implied contract theory for the reasonable value of services rendered to and accepted by a defend- ant." *Horack v. S. Real Estate Co.*, 150 N.C. App. 305, 311, 563 S.E.2d 47, 52 (2002) (citation omitted).

Here, the trial court denied plaintiff's claim for breach of contract. Specifically, the trial court found that "Plaintiff failed to submit evidence sufficient to prove that there was a meeting of the minds as to the amount and manner in which Plaintiff was to be paid for work performed for Defendants and therefore Plaintiff failed to prove that there was an express contract between the parties." Instead, the trial court found that there were sufficient grounds to award plaintiff a recovery for the value of materials and labor under the theory of quantum meruit.

> [While] *quantum meruit* is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment. It operates as an equitable remedy based upon a quasi contract or a contract implied in law. A quasi contract or a contract implied in law is not a contract.

*Gilchrist*, 348 N.C. at 42, 497 S.E.2d at 414-15 (internal citations and quotations omitted). A contract implied-in-law is nothing more than a term of art used to express an equitable remedy used by the court to prevent unjust enrichment. To establish a valid claim of lien under section 44A-8, an enforceable contract must exist between the parties. As quantum meruit is not a theory based upon an actual agreement, it may not establish the contractual relationship necessary to form the basis for filing a claim of lien pursuant to N.C.G.S. § 44A-8. Accordingly, the trial court's order granting plaintiff a lien on defendants' real property is reversed.

*II*

[2] Next, defendants argues that the trial court erred in granting plaintiff attorney's fees pursuant to N.C. Gen. Stat. § 44A-35. For the reasons stated herein, we vacate the award.

"[T]he general rule in North Carolina is that a party may not recover its attorney's fees unless authorized by statute." *Martin Achitectural Prods. Inc. v. Meridian Constr. Co.*, 155 N.C. App. 176, 181, 574 S.E.2d 189, 192 (2002) (citations omitted). "The case law in North Carolina is clear that to overturn the trial judge's determination on the issue of attorneys' fees, the defendant must show an abuse of discretion." *Bruning & Federle Mfg. Co. v. Mills*, 185 N.C. App. 153, 155, 647 S.E.2d 672, 674 (2007) (citation and brackets omitted).

"In any suit brought or defended under the provisions of Article 2 or Article 3 of [Chapter 44A, Statutory Liens and Charges], the presiding judge may allow a reasonable attorneys' fee to the attorney representing the prevailing party." N.C. Gen. Stat. § 44A-35 (2009).

In its order, the trial court awarded plaintiff attorney fees pursuant to N.C.G.S. § 44A-35, as the prevailing party. However, given our holding in issue I, plaintiff could not prevail within the meaning of § 44A-35. Accordingly, the trial court's award of attorney fees to plaintiff, as the prevailing party, pursuant to N.C.G.S. § 44A-35, is vacated.

*III*

[3] Next, defendants argue that the trial court erred in awarding plaintiff a recovery in the amount of $5,000.00 on the theory of quantum meruit as the trial court lacked competent evidence to arrive as such a figure. We disagree.

"In a non-jury trial, the trial court's findings of fact are conclusive on appeal if supported by competent evidence." *Olivetti Corp. v. Ames Business Sys., Inc.*, 319 N.C. 534, 541, 356 S.E.2d 578, 582 (1987) (citation omitted). Therefore, our task is limited to determining whether there was competent evidence from which the trial court could find that the amount plaintiff was entitled to recover under the theory of quantum meruit is $5,000.00. *See id.*

"Under a contract implied in law, the measure of recovery is *quantum meruit*, the reasonable value of materials and services rendered by the plaintiff that are accepted and appropriated by defend- ant." *Ellis Jones*, 66 N.C. App. at 647, 312 S.E.2d at 218 (citations omitted).

Randy Waters, member-manager for plaintiff, testified that he was the contractor constructing defendant's stairwell. He was first referred to defendants on 30 April 2008. Waters testified that defendant Oscar Longa selected solid oak and wrought iron spindles as the materials out of which to construct the staircase. In late June 2008, Oscar Longa requested that Waters provide him with an estimate. Waters estimated that the construction would cost $8,936.00.

On 28 July 2008, near the completion of the project, Waters sent to Oscar Longa an invoice for $13,830.14. Oscar had already paid Waters $4,788.00 and, on 8 August 2008, paid an additional $3,000.00. On 8 August, Waters met defendants at the residence. Waters testified that Oscar requested some changes be made the on the staircase landings for which Waters did additional work amounting to $1,304.85 between 8 and 14 August. Given the total invoice and subtracting the amounts previously paid ($4,788.00 and $3,000.00), defendants' amount outstanding was $7,346.99. In a telephone conversation occurring after 15 August 2008, Waters testified that Oscar Longa informed him that they had an agreed upon price of $9,000.00 and that defendants would not pay the outstanding balance. Waters subsequently received a check from Oscar Longa for $1,500.00.

At trial, on cross-examination, Waters acknowledged that some portions of the handrail system and corresponding treads would need to be replaced; however, in lieu of replacing the entire handrail system, some of the treads would, as a result, be disproportionately spaced.

> Q. If it was determined, or if you had to do this, to replace the entire handrail system, uninstall it, fix the treads that are cut and reinstall the handrail system so you don't cut treads, how much would that cost in materials and man time?
>
> A. I have no idea.
>
> Q. Do you have an estimate?
>
> A. No.
>
> Q. $2,000?
>
> A. (no audible response)
>
> Q. More?
>
> A. (no audible response)
>
> MR. WILSON: Your Honor, he said he doesn't have an estimate.

THE COURT: Well, we're looking for a ballpark. Give us a ball park, if you can.

A. Well, you could certainly reuse all the spindles. You could reuse all the newel posts. You could reuse all the handrails. So you're really talking about treads. I think an oak tread's about $25.

Q. Do you know how many were cut?

A. A gallon of stain's, you know, $30. What, three? Three of them? Two? Three?

Q. Okay. What kind of man hours are we talking about?

A. I mean, I could do it by myself in a day.

In its order, the trial court made the following findings:

8. Plaintiff submitted evidence that the present balance due from Defendants for work performed on the Defendants' residence was $7,346.99.

9. Defendants submitted evidence that questioned whether some of the workmanship performed by the Plaintiff was in accordance with acceptable construction standards and practices.

10. The Court finds after considering all of the evidence including the testimony of the witnesses, the photographs and invoices introduced by Plaintiff that the balance of the value of material and labor furnished by the Plaintiff to the Defendants is $5,000.00.

Given the evidence and the inexact nature of ascertaining a definite cost for the type of service provided, the value as assessed by the trial court, for the materials and services rendered by plaintiff and accepted by defendants, was reasonable and supported by competent evidence. *See Ellis Jones*, 66 N.C. App. at 647, 312 S.E.2d at 218. Accordingly, defendants' argument is overruled.

*IV*

[4] Last, defendants argue that the trial court erred by failing to find that a unilateral contract existed between plaintiff and defendants. We disagree.

"A unilateral contract is formed when one party makes a promise and expressly or impliedly invites the other party to perform some act as a condition for making the promise binding on the promisor." *CIM*

*Ins. Corp. v. Cascade Auto Glass, Inc.*, 190 N.C. App. 808, 811, 660 S.E.2d 907, 910 (2008) (citation omitted).

On 28 June 2008, defendant Oscar Longa sent plaintiff an email stating the following: "In regards to the cost of the finished product, labor, materials, installed and finished. . . . I need a total not to exceed price, would a total price of $9,000.00 work for you? If it does, let's get started." However, Waters testified that following defendant's email, he had a telephone conversation with defendant Oscar Longa. Following is an excerpt of his testimony:

Q. And what was discussed in that conversation?

A. Well, I think the previous e-mail where we were still discussing a design direction, and we discussed the $9,000 as a capped bid. And I—again, I don't work on capped bids. Everything I do is time and material. And the project and the design installation was going to strictly have to be engineered on the fly, and there's no way that I could ever have known what I was going to get into during the installation, not to mention we still didn't have a final selection of material picked out.

Q. And in the e-mail that Mr. Longa sent to you requesting a cap of $9,000, was he still discussing the selection of materials?

A. Yes.

Q. Had any of that been finalized yet?

A. No.

Q. After that discussion with Mr. Longa, did you then begin work?

A. Well, after he gave me assurances that he wanted me to install the system, he would pay me, he wanted to get his CO and wanted me to order the material, which I did.

As the evidence is not conclusive that the final arrangement between the parties invited plaintiff to perform some act as a condition for making the promise to complete the construction of defendants' staircase for $9,000.00, the trial court was not compelled to find that the contractual relationship between plaintiff and defendants was a unilateral one. *See id.* at 811, 660 S.E.2d at 910. Accordingly, defendants' argument is overruled.

IN RE I.R.C.

[214 N.C. App. 358 (2011)]

We reverse the trial court's order granting plaintiff a claim of lien, and vacate the award of attorneys fees based thereon. We affirm the trial court's $5,000.00 award to plaintiff based on quantum meruit and its ruling of no unilateral contract.

Affirmed in part; reversed in part; and vacated in part.

Judges ELMORE and GEER concur.